33 F.3d 29
 Fed. Sec. L. Rep. P 98,451
In re FIRST CAPITAL HOLDINGS CORPORATION FINANCIAL PRODUCTS
SECURITIES LITIGATION.
Marguerite WOLFORD, Plaintiff Class Member-Objector-Appellant,
v.
George GAEKLE, Iris Gaekle; State Action Representatives
Alfred Pappalardo, Linda Glynn, Garman C. Laudermilch, et
al.; Federal Action Representatives Tina Pallas, James W.
Palmiter, Arthur Drucker, et al., Plaintiffs-Appellees.
 No. 92-55924.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 3, 1994.
Decided March 21, 1994.
As Amended Aug. 15, 1994.
 
 Lawrence W. Schonbrun, Berkeley, CA, for appellant.
 Elizabeth Joan Cabraser, Lieff, Cabraser & Heimann, San Francisco, CA, for appellees.
 Appeal from the United States District Court for the Central District of California.
 Before: SNEED, THOMPSON and RYMER, Circuit Judges.
 Opinion by Judge THOMPSON; Dissent by Judge SNEED.
 DAVID R. THOMPSON, Circuit Judge:
 
 
 1
 First Capital Holdings Corporation (FCH), through its subsidiaries, issued annuities and life insurance policies to over 500,000 policyholders. Shearson Lehman Brothers, a wholly-owned subsidiary of Shearson Lehman Brothers Holdings, which is a wholly-owned subsidiary of American Express Company, issued many of the policies. In May 1991, FCH fell victim to the crash of the junk bond market. A class action suit followed, pitting policyholders against numerous defendants involved in issuing or selling the policies, including Shearson Lehman Brothers and its parent companies.
 
 
 2
 The district court approved a settlement of the lawsuit. Under the terms of the settlement, policyholders could reinstate policies they had terminated, regain entitlement to full annuity payments and death benefits as provided in their policies, and recover all charges they had paid as a result of early surrender. The economic value of the settlement was at least $100 million.
 
 
 3
 In a separately negotiated part of the settlement, the defendants agreed to pay $8 million in attorney fees to the attorneys representing the class. The district court approved the payment of these attorney fees.
 
 
 4
 Marguerite Wolford, a member of the class, appeals the order approving payment of attorney fees. We have jurisdiction under 28 U.S.C. Sec. 1291. We dismiss this appeal because Wolford lacks standing.
 
 
 5
 The power of federal courts to hear cases is always subject to the constraints set forth in Article III of the Constitution. Marbury v. Madison, 5 U.S. (1 Cranch) 137, 173-75, 2 L.Ed. 60 (1803). Article III "requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982) (internal quotations omitted).
 
 
 6
 These same criteria apply in determining the question of standing on appeal. United States v. City and County of San Francisco, 979 F.2d 169, 170-71 (9th Cir.1992); See also Didrickson v. United States Dept. of Interior, 982 F.2d 1332, 1338 (9th Cir.1992) (applying these criteria in determining whether an intervenor could bring an appeal).
 
 
 7
 Applying these constitutional constraints, Wolford lacks standing. She cashed in her FCH annuity within the dates prescribed in the class notice, and this technically qualified her for membership in the class. But, at the time she cashed in her annuity she received $38,795.51, which included not only a return of her full investment, but a profit of nearly $6,000 as well. It is undisputed that she paid no penalty, surrender charge, or other fee. She asserts no economic or noneconomic injury. She suffered no injury "likely to be redressed by a favorable decision." Valley Forge, 454 U.S. at 472, 102 S.Ct. at 758; see also Lujan v. Defenders of Wildlife, --- U.S. ----, ---- - ----, 112 S.Ct. 2130, 2140-42, 119 L.Ed.2d 351 (1992) (plaintiffs lacked standing in part because injury asserted was not redressable by action brought).[1]
 
 
 8
 Marshall v. Holiday Magic, Inc., 550 F.2d 1173, 1176 (9th Cir.1977), is not to the contrary. There, the appellants met the Article III requirements set forth in Valley Forge: under the court-approved settlement they lost their rights to sue Holiday Magic for indemnity and contribution in related litigation in which they were defendants. They suffered an injury by the order they appealed. Here, Wolford did not.
 
 
 9
 Simply being a member of a class is not enough to establish standing. One must be an aggrieved class member. This was made clear by the Marshall court's reliance upon Ace Heating & Plumbing Co. v. Crane Co., 453 F.2d 30, 32-33 (3d Cir.1971). In Ace, the Third Circuit recognized that "[o]rdinarily, aggrieved class members may appeal any final order of a district court in proceedings held pursuant to Rule 23." (emphasis added). The word "aggrieved" is a necessary, not merely a descriptive, term. It is necessary to make the statement compatible with Article III requirements and is a recognition that not all class members will be aggrieved by all decisions.
 
 
 10
 Appeal DISMISSED.
 
 SNEED, Senior Circuit Judge, dissenting:
 
 11
 I am by no means convinced on the record before us that under no circumstances could Wolford materially profit by an adjustment downward of the fees payable to the attorneys representing the class of which Wolford is a member. Nor am I reasonably certain that Wolford would be called upon to pay were there an upward adjustment of fees.
 
 
 12
 We should remand the case to the district court to permit it to examine the standing of Wolford at some length. These positions are in no way dependent upon an analysis that would impute standing to Wolford because of her general interest in the manner in which fees are set in class actions. Arguably, a class member always retains an interest in attorney fees, even when her claims have been met in full. Indeed, it could be argued that only at that point does her objectivity become unchallengeable. I do not push the point in this direction, however.
 
 
 13
 I do remain puzzled, however. While the whiff of money being distributed unfairly may be offensive to some class members, even when not otherwise affected, we do apparently assume that its gentle stench no where rivals that of bad air or loud noises to adjoining neighbors.
 
 
 
 [1]
 The fact that the attorney fees were separately negotiated and funded has nothing to do with the outcome of this case. It is Wolford's particular lack of injury that is unique and it is this fact which precludes her from having standing to appeal
 We do not decide the question whether another class member could attack the fee award even though it was separately negotiated and funded. That question is not before us.