**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JACOB GLASSER, on behalf of
himself and all others similarly
situated and on behalf of the
General Public,
　　　　　*Plaintiff-Appellee,*

　　　　　v.

VOLKSWAGEN OF AMERICA, INC.,
　　　　　*Defendant,*

　　　　　and

DAVID T. MURRAY,
　　　　　*Objector-Appellant,*

　　　　　and

KIMBERLY A. CARR,
　　　　　*Objector.*

No. 09-56618

D.C. No.
2:06-cv-02562-
ABC-JTL

OPINION

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

Argued and Submitted
May 3, 2011—Pasadena, California

Filed May 17, 2011

Before: Barry G. Silverman, Richard C. Tallman, and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Silverman

6529

## COUNSEL

C. Benjamin Nutley (argued), J. Garrett Kendrick, Kendrick & Nutley, Pasadena, California, for the appellant.

Jordan L. Lurie (argued), Leigh A. Parker, Joel E. Elkins, Weiss & Lurie, Los Angeles, California, for the appellee.

## OPINION

SILVERMAN, Circuit Judge:

Objector-appellant David Murray appeals from the district court's order awarding attorneys' fees and costs to Plaintiff-appellee Jacob Glasser. Murray, who expressly disavows any financial interest in the fee the defendant was ordered to pay to Plaintiff's counsel, has failed to demonstrate how he has suffered injury as a result of the fee order. We therefore dismiss his appeal for lack of standing.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. The Class Complaint Against Volkswagen

This case was filed in April 2006 in Los Angeles County Superior Court. Plaintiff, on behalf of himself and a class of owners and lessors of 2007 model year and older VW and Audi vehicles, alleged that VW limited the availability of replacement vehicle keys and failed to sufficiently disclose information about the potential difficulty and expense of obtaining such replacements. The complaint alleged that replacement keys are difficult to obtain in part because, as a security measure, these "smart keys" must be programmed by computer to match the individual code for a particular vehicle. Plaintiff contended that VW refused to give to independent locksmiths the technological information necessary to reproduce VW smart keys, thereby restricting the market for VW smart keys to franchised dealers and facilities and fixing prices for keys at an artificially high level. Plaintiff alleged several California law unfair competition and misrepresentation claims against VW and sought injunctive relief, a variety of damages, and attorneys' fees under California Code of Civil Procedure section 1021.5 and California Civil Code section 1780(d). The action was removed to the district court under the Class Action Fairness Act, Pub. L. No. 109-2, 119 Stat. 4 (2005).

## II.   The Terms of the Settlement Agreement

The parties began settlement discussions almost immediately, representing to the district court that settlement discussions were underway within three months of the complaint's filing. In April 2008, a settlement agreement was submitted to the district court for preliminary approval. Under the terms of the settlement agreement, Plaintiff released his claims against VW, and VW denied all wrongdoing and liability. The agreement also confirmed the parties' understanding that (1) VW had, in fact, made smart-key replacement technology available to independent sources, as well as franchised VW and Audi dealers; (2) VW had not fixed prices for the keys; and (3) franchised dealer prices are competitive with those charged by independent sources. VW also agreed to make a series of new disclosures regarding the cost, availability, and operation of smart keys. The class received no monetary relief whatsoever.

On the issue of fees and costs, the settlement agreement expressed the parties' intent to negotiate in good faith; however, in the event that an agreement could not be reached, Plaintiff could submit an application for fees to the court, and VW would neither dispute Plaintiff's status as a "prevailing party" nor "take the position that Plaintiff's Counsel is entitled to no fee."

## III.   Proceedings Regarding the Settlement Agreement

In May 2008, the district court signed the stipulated proposed order submitted by the parties, which preliminarily approved the settlement, and set a fairness hearing regarding the settlement. The order indicated that the settlement was not entirely complete, as the parties had not reached agreement on the issue of attorneys' fees and costs; accordingly, Plaintiff's counsel was ordered to submit papers in support of an award of fees and costs. The order also required that "[a]ny objections to the proposed settlement, or to any request or applica-

tion for attorneys' fees and reimbursement of litigation costs and expenses, shall be filed and served twenty-one (21) days or more prior to the fairness hearing . . . . Any objection must be made in writing and include a statement of the position to be asserted, [and] the grounds therefore . . . ." Notice of the settlement was mailed out to the proposed class, and advised class members of the terms of the settlement, including that VW agreed to pay Plaintiff attorneys' fees, costs and an incentive award; the parties would attempt to negotiate the amount of fees and costs; and, if those negotiations failed, the issue of fees and costs would be submitted to the court. The Notice also advised proposed class members of their options, including remaining in the settlement class without objection or either of the following:

> You may request exclusion from the Settlement Class. If you elect to be excluded from the Settlement Class, you will not be bound by any judgment, disposition, or settlement of the class action, and you may not participate in the settlement of this class action in any fashion. You will retain, and will be free to pursue, any claims you may have on your own behalf. . . .

> You may object to the Settlement. . . . Any Settlement Class member who objects to all or part of the Settlement will be bound by the Settlement regardless of whether such Settlement Class member's objections are sustained by the Court.

Murray did not opt out of the class; instead, he timely served a set of objections upon the parties. Murray argued that the settlement should not be approved and Plaintiff should not receive any award of fees because (1) Plaintiff's claims lacked merit; (2) the settlement provided only illusory benefits to the class; and (3) to the extent Plaintiff's claims had any monetary value at all, that value should accrue, at least in

part, to the class, rather than entirely to counsel in the form of fees.

On October 6, 2008, the district court issued its Order and Final Judgment, in which it "approve[d] the terms of [settlement agreement] . . . as fair, reasonable, and adequate, with the exception of attorneys' fees, costs, interest, and expenses and incentive payment issues reserved for later decision." The order stated that twenty-nine class members had filed objections and "[t]hese objections to the [settlement agreement] have been considered and overruled."

Murray filed a notice of appeal from the Order and Final Judgment, proposing three issues to be raised on appeal, including whether the district court abused its discretion in approving the settlement and whether Plaintiff's counsel was entitled to any fees. We later granted Murray's motion to voluntarily dismiss that appeal with prejudice.

## IV.   Proceedings Regarding Attorneys' Fees

Returning to the motion for fees, Murray timely filed objections, arguing that Plaintiff's counsel should not receive an award of fees under California Code of Civil Procedure section 1021.5 because the settlement (1) places no new obligations on VW that could be considered a "significant benefit" to the class or public, and (2) potentially affects only a small subset of the class. Murray also argued in the alternative that any award of fees should be significantly reduced below the lodestar amount. Notably, Murray did not claim in his objection to the fee application that any reduction in fees could or should benefit the class in any way.

On September 11, 2009, the district court awarded Plaintiff attorneys' fees in the amount of $417,663.75, costs and expenses in the amount of $16,614.40, and an incentive award to Plaintiff in the amount of $2,500. This appeal from Murray followed.

### Discussion

**[1]** "[Article III] limits are jurisdictional: they cannot be waived by any party, and there is no question that a court can, and indeed must, resolve any doubts about this constitutional issue." *City of Los Angeles v. County of Kern*, 581 F.3d 841, 845 (9th Cir. 2009). To establish Article III standing on appeal, "an appellant must establish that she has suffered an injury, caused by the appellee, that is redressable." *Lobatz v. U.S. W. Cellular of Cal., Inc.*, 222 F.3d 1142, 1146 (9th Cir. 2000). In the class action context, simply being a member of the class does not automatically confer standing to challenge a fee award to class counsel—the objecting class member must be "aggrieved" by the fee award. *In re First Capital Holdings Corp. Financial Prods. Sec. Litig.*, 33 F.3d 29, 30 (9th Cir. 1994). If modifying the fee award would not "actually benefit the objecting class member," the class member lacks standing because his challenge to the fee award cannot result in redressing any injury. *Knisley v. Network Assocs., Inc.*, 312 F.3d 1123, 1126 (9th Cir. 2002).

**[2]** When attorneys' fees are paid out of a common fund, from which both the class recovery and the fee award are paid, a class member who participates in the settlement generally has standing to challenge the fee award because any reduction in the fee award results in an increase to the class recovery. *Knisley*, 312 F.3d at 1126. However, there is no common-fund settlement in this case. Instead, Volkswagen is liable for Plaintiff's attorneys' fees pursuant to a fee order that is independent of the settlement agreement and the class recovery. *See, e.g.*, *Lobatz*, 222 F.3d at 1144, 1146. In *Lobatz*, we held that class members may have standing to challenge a fee award if the award negatively affects the class recovery, that is, where "class counsel might obtain an excessive attorney fee award as part of a deal to accept an inadequate settlement for the class." *Id.* at 1146-47; *accord In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768 (3d Cir. 1995); *Rosenbaum v. MacAllister*, 64 F.3d 1439,

1442 (10th Cir. 1995). In such circumstances, we consider the independent fee award and class recovery as a "constructive common fund." *Lobatz*, 222 F.3d at 1147; *see also Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1327 (9th Cir. 1999) (dicta). In this scenario, class counsel have breached their fiduciary duty to the class by agreeing to an unfair settlement offer, so the excessive fee award "could be considered the property of the class." *Id.*

**[3]** However, the rule announced in *Lobatz* does not change the underlying Article III requirement that a class member must be "aggrieved" by the fee award to have standing to challenge it. *See First Capital*, 33 F.3d at 30 n.1. Whether a fee award is independent of the settlement agreement is an issue distinct from whether an objecting class member was injured by the fee award. *Id.* ("The fact that the attorney fees were separately negotiated and funded has nothing to do with the outcome of this case. It is [the objecting class member's] *particular lack of injury* that is unique and it is this fact which precludes her from having standing to appeal [the fee award]." (emphasis added)).

**[4]** Murray does not contend that Plaintiff's counsel colluded with VW to orchestrate an excessively high fee award in exchange for an unfair settlement for the class. Had he alleged as much, he may have been able to meet the requirements of Article III standing under a "constructive common fund theory." *See Lobatz*, 222 F.3d at 1147. However, Murray has expressly disclaimed recovery under a "constructive common fund" theory. Instead, he argues Plaintiff's claims were entirely meritless from the beginning of the lawsuit. Further, he claims only that an excess fee award will cause VW to pass along the cost to its shareholders and customers, and that he may somehow benefit as a consumer from any savings that may result from the denial or reduction of the award. These allegations fail to satisfy "the irreducible constitutional minimum of standing" because they are insufficient to demonstrate either an injury that "is . . . concrete and particularized

and . . . actual or imminent, not conjectural or hypothetical" or that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations, quotation marks and alterations omitted). We therefore dismiss Murray's appeal for lack of standing.

**DISMISSED.**