NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 8 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PLAINTIFFS' CONSUMER CLASS,<br><br>    Plaintiff - Appellee,<br><br>DONALD K. BIRNER,<br><br>    Objector - Appellant,<br><br>  v.<br><br>HYUNDAI MOTOR COMPANY; KIA CORPORATION,<br><br>    Defendants - Appellees. | No. 24-7080<br><br>D.C. No.<br>8:22-ml-03052-JVS-KES<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted November 19, 2025
Pasadena, California

Before: WARDLAW, BERZON, and MILLER, Circuit Judges.

Objector-appellant Donald Birner appeals from the district court's order

granting final approval of a class action settlement concerning allegations that

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

certain Hyundai and Kia vehicles were defectively designed and thus vulnerable to theft. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A class action settlement must be fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2). We review the district court's approval of a pre-certification settlement for clear abuse of discretion. *Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1043 (9th Cir. 2019). "[T]he district court must show it has explored comprehensively all [Rule 23(e)(2)] factors, and must give a reasoned response to all non-frivolous objections." *Allen v. Bedolla*, 787 F.3d 1218, 1223–24 (9th Cir. 2015) (quoting *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012)).

1. Birner argues that the district court abused its discretion by approving the settlement. The theme of his arguments is that the settlement amount is too low given the strength, in his estimation, of the class plaintiffs' case against Kia and Hyundai. We examine "the settlement taken as a whole, rather than the individual component parts," for overall fairness. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). Because "the very essence of a settlement is compromise," it is "not to be judged against a hypothetical or speculative measure of what *might* have been achieved by the negotiators." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) (quoting *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624, 625 (9th Cir. 1982)) (alteration in original).

The district court considered each of the required Rule 23(e)(2) factors and specifically addressed Birner's objections. The court correctly concluded that Birner's arguments were largely unsupported by the record. *See In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 568 (9th Cir. 2019) (en banc) (rejecting settlement objection for which objectors "cite no evidence"). The district court also correctly recognized that novel and untested aspects of plaintiffs' theory justified the litigation discount and the caps placed on class members' relief. Thus, the district court did not abuse its discretion by concluding the settlement was fair, reasonable, and adequate.

2. Birner's remaining objections fail either because he did not raise them in the proceedings below or because he lacks standing. For example, Birner argues that plaintiffs unknowingly overpaid for defective vehicles and defendants were thereby unjustly enriched. But Birner forfeited this argument, and others, by not raising them in his objection before the district court.

For a class action objector to have standing to make an argument, he "must seek relief for an injury that affects him in a 'personal and individual way.'" *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992)); *see also In re First Cap. Holdings Corp. Fin. Prods. Sec. Litig.*, 33 F.3d 29, 30 (9th Cir. 1994). Because Birner does not claim to have incurred a covered loss that was reimbursed by his insurer, he lacks

standing to challenge the settlement on the ground that it fails to compensate class members whose losses have already been compensated by insurers.

**AFFIRMED.**