**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION, | No. 17-16020<br><br>D.C. No. 3:15-md-02672-CRB |

JASON HILL; RAY PRECIADO; SUSAN TARRENCE; STEVEN R. THORNTON; ANNE DUNCAN ARGENTO; SIMON W. BEAVEN; JULIET BRODIE; SARAH BURT; AIMEE EPSTEIN; GEORGE FARQUAR; MARK HOULE; REBECCA KAPLAN; HELEN KOISK-WESTLY; RAYMOND KREIN; STEPHEN VERNER; LEO WINTERNITZ; MARCUS ALEXANDER DOEGE; LESLIE MACLISE-KANE; TIMOTHY WATSON; FARRAH P. BELL; JERRY LAWHON; MICHAEL R. CRUISE; JOHN C. DUFURRENA; SCOTT BAHR; KARL FRY; CESAR OLMOS; BRITNEY LYNNE SCHNATHORST; CARLA BERG; AARON JOY; ERIC DAVIDSON WHITE; FLOYD BECK WARREN; THOMAS J. BUCHBERGER; RUSSELL EVANS; CARMEL RUBIN; DANIEL SULLIVAN; MATTHEW CURE; DENISE DE FIESTA; MARK ROVNER; WOLFGANG STEUDEL; ANNE MAHLE; DAVID

MCCARTHY; SCOTT MOEN; RYAN
JOSEPH SCHUETTE; MEGAN
WALAWENDER; JOSEPH MORREY;
MICHAEL LORENZ; NANCY L.
STIREK; REBECCA PERLMUTTER;
ADDISON MINOTT; RICHARD
GROGAN; ALAN BANDICS; MELANI
BUCHANAN FARMER; KEVIN
BEDARD; ELIZABETH BEDARD;
CYNTHIA R. KIRTLAND; MICHAEL
CHARLES KRIMMELBEIN; WILL
HARLAN; HEATHER GREENFIELD;
THOMAS W. AYALA; HERBERT
YUSSIM; NICHOLAS BOND; BRIAN J.
BIALECKI; KATHERINE MEHLS;
WHITNEY POWERS; ROY MCNEAL;
BRETT ALTERS; KELLY R. KING;
RACHEL OTTO; WILLIAM ANDREW
WILSON; DAVID EBENSTEIN; MARK
SCHUMACHER; CHAD DIAL; JOSEPH
HERR; KURT MALLERY; MARION B.
MOORE; LAURA SWENSON; BRIAN
NICHOLAS MILLS,
                    *Plaintiffs-Appellees*,

BISHOP, HEENAN & DAVIES,
                    *Objector-Appellant*,

v.

VOLKSWAGEN GROUP OF AMERICA,
INC.; VOLKSWAGEN, AG; AUDI, AG;
AUDI OF AMERICA, LLC; PORSCHE
CARS NORTH AMERICA, INC.;

ROBERT BOSCH GMBH; ROBERT
BOSCH, LLC,
          *Defendants-Appellees.*

---

IN RE VOLKSWAGEN "CLEAN DIESEL"
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION,

No. 17-16065

D.C. No.
3:15-md-02672-
CRB

JASON HILL; RAY PRECIADO; SUSAN
TARRENCE; STEVEN R. THORNTON;
ANNE DUNCAN ARGENTO; SIMON W.
BEAVEN; JULIET BRODIE; SARAH
BURT; AIMEE EPSTEIN; GEORGE
FARQUAR; MARK HOULE; REBECCA
KAPLAN; HELEN KOISK-WESTLY;
RAYMOND KREIN; STEPHEN VERNER;
LEO WINTERNITZ; MARCUS
ALEXANDER DOEGE; LESLIE
MACLISE-KANE; TIMOTHY WATSON;
FARRAH P. BELL; JERRY LAWHON;
MICHAEL R. CRUISE; JOHN C.
DUFURRENA; SCOTT BAHR; KARL
FRY; CESAR OLMOS; BRITNEY LYNNE
SCHNATHORST; CARLA BERG;
AARON JOY; ERIC DAVIDSON WHITE;
FLOYD BECK WARREN; THOMAS J.
BUCHBERGER; RUSSELL EVANS;
CARMEL RUBIN; DANIEL SULLIVAN;
MATTHEW CURE; DENISE DE FIESTA;
MARK ROVNER; WOLFGANG
STEUDEL; ANNE MAHLE; DAVID

MCCARTHY; SCOTT MOEN; RYAN JOSEPH SCHUETTE; MEGAN WALAWENDER; JOSEPH MORREY; MICHAEL LORENZ; NANCY L. STIREK; REBECCA PERLMUTTER; ADDISON MINOTT; RICHARD GROGAN; ALAN BANDICS; MELANI BUCHANAN FARMER; KEVIN BEDARD; ELIZABETH BEDARD; CYNTHIA R. KIRTLAND; MICHAEL CHARLES KRIMMELBEIN; WILL HARLAN; HEATHER GREENFIELD; THOMAS W. AYALA; HERBERT YUSSIM; NICHOLAS BOND; BRIAN J. BIALECKI; KATHERINE MEHLS; WHITNEY POWERS; ROY MCNEAL; BRETT ALTERS; KELLY R. KING; RACHEL OTTO; WILLIAM ANDREW WILSON; DAVID EBENSTEIN; MARK SCHUMACHER; CHAD DIAL; JOSEPH HERR; KURT MALLERY; MARION B. MOORE; LAURA SWENSON; BRIAN NICHOLAS MILLS,

*Plaintiffs-Appellees*,

LAW OFFICE OF MALONEY & CAMPOLO, LLP,

*Objector-Appellant*,

v.

VOLKSWAGEN GROUP OF AMERICA, INC.; VOLKSWAGEN, AG; AUDI, AG; AUDI OF AMERICA, LLC; PORSCHE

CARS NORTH AMERICA, INC.;
ROBERT BOSCH GMBH; ROBERT
BOSCH, LLC,

*Defendants-Appellees.*

IN RE VOLKSWAGEN "CLEAN DIESEL"
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION,

No. 17-16067

D.C. No.
3:15-md-02672-
CRB

JASON HILL; RAY PRECIADO; SUSAN
TARRENCE; STEVEN R. THORNTON;
ANNE DUNCAN ARGENTO; SIMON W.
BEAVEN; JULIET BRODIE; SARAH
BURT; AIMEE EPSTEIN; GEORGE
FARQUAR; MARK HOULE; REBECCA
KAPLAN; HELEN KOISK-WESTLY;
RAYMOND KREIN; STEPHEN VERNER;
LEO WINTERNITZ; MARCUS
ALEXANDER DOEGE; LESLIE
MACLISE-KANE; TIMOTHY WATSON;
FARRAH P. BELL; JERRY LAWHON;
MICHAEL R. CRUISE; JOHN C.
DUFURRENA; SCOTT BAHR; KARL
FRY; CESAR OLMOS; BRITNEY LYNNE
SCHNATHORST; CARLA BERG;
AARON JOY; ERIC DAVIDSON WHITE;
FLOYD BECK WARREN; THOMAS J.
BUCHBERGER; RUSSELL EVANS;
CARMEL RUBIN; DANIEL SULLIVAN;
MATTHEW CURE; DENISE DE FIESTA;
MARK ROVNER; WOLFGANG

STEUDEL; ANNE MAHLE; DAVID
MCCARTHY; SCOTT MOEN; RYAN
JOSEPH SCHUETTE; MEGAN
WALAWENDER; JOSEPH MORREY;
MICHAEL LORENZ; NANCY L.
STIREK; REBECCA PERLMUTTER;
ADDISON MINOTT; RICHARD
GROGAN; ALAN BANDICS; MELANI
BUCHANAN FARMER; KEVIN
BEDARD; ELIZABETH BEDARD;
CYNTHIA R. KIRTLAND; MICHAEL
CHARLES KRIMMELBEIN; WILL
HARLAN; HEATHER GREENFIELD;
THOMAS W. AYALA; HERBERT
YUSSIM; NICHOLAS BOND; BRIAN J.
BIALECKI; KATHERINE MEHLS;
WHITNEY POWERS; ROY MCNEAL;
BRETT ALTERS; KELLY R. KING;
RACHEL OTTO; WILLIAM ANDREW
WILSON; DAVID EBENSTEIN; MARK
SCHUMACHER; CHAD DIAL; JOSEPH
HERR; KURT MALLERY; MARION B.
MOORE; LAURA SWENSON; BRIAN
NICHOLAS MILLS,
                    *Plaintiffs-Appellees*,

JAMES BEN FEINMAN; RONALD
CLARK FLESHMAN, JR.,
                    *Objectors-Appellants*,

v.

VOLKSWAGEN GROUP OF AMERICA,
INC.; VOLKSWAGEN, AG; AUDI, AG;

AUDI OF AMERICA, LLC; PORSCHE CARS NORTH AMERICA, INC.; ROBERT BOSCH GMBH; ROBERT BOSCH, LLC,

*Defendants-Appellees.*

IN RE VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION,

No. 17-16068

D.C. No. 3:15-md-02672-CRB

JASON HILL; RAY PRECIADO; SUSAN TARRENCE; STEVEN R. THORNTON; ANNE DUNCAN ARGENTO; SIMON W. BEAVEN; JULIET BRODIE; SARAH BURT; AIMEE EPSTEIN; GEORGE FARQUAR; MARK HOULE; REBECCA KAPLAN; HELEN KOISK-WESTLY; RAYMOND KREIN; STEPHEN VERNER; LEO WINTERNITZ; MARCUS ALEXANDER DOEGE; LESLIE MACLISE-KANE; TIMOTHY WATSON; FARRAH P. BELL; JERRY LAWHON; MICHAEL R. CRUISE; JOHN C. DUFURRENA; SCOTT BAHR; KARL FRY; CESAR OLMOS; BRITNEY LYNNE SCHNATHORST; CARLA BERG; AARON JOY; ERIC DAVIDSON WHITE; FLOYD BECK WARREN; THOMAS J. BUCHBERGER; RUSSELL EVANS; CARMEL RUBIN; DANIEL SULLIVAN; MATTHEW CURE; DENISE DE FIESTA;

MARK ROVNER; WOLFGANG
STEUDEL; ANNE MAHLE; DAVID
MCCARTHY; SCOTT MOEN; RYAN
JOSEPH SCHUETTE; MEGAN
WALAWENDER; JOSEPH MORREY;
MICHAEL LORENZ; NANCY L.
STIREK; REBECCA PERLMUTTER;
ADDISON MINOTT; RICHARD
GROGAN; ALAN BANDICS; MELANI
BUCHANAN FARMER; KEVIN
BEDARD; ELIZABETH BEDARD;
CYNTHIA R. KIRTLAND; MICHAEL
CHARLES KRIMMELBEIN; WILL
HARLAN; HEATHER GREENFIELD;
THOMAS W. AYALA; HERBERT
YUSSIM; NICHOLAS BOND; BRIAN J.
BIALECKI; KATHERINE MEHLS;
WHITNEY POWERS; ROY MCNEAL;
BRETT ALTERS; KELLY R. KING;
RACHEL OTTO; WILLIAM ANDREW
WILSON; DAVID EBENSTEIN; MARK
SCHUMACHER; CHAD DIAL; JOSEPH
HERR; KURT MALLERY; MARION B.
MOORE; LAURA SWENSON; BRIAN
NICHOLAS MILLS,
*Plaintiffs-Appellees*,

LEMBERG LAW, LLC,
*Objector-Appellant*,

v.

VOLKSWAGEN GROUP OF AMERICA,
INC.; VOLKSWAGEN, AG; AUDI, AG;

AUDI OF AMERICA, LLC; PORSCHE
CARS NORTH AMERICA, INC.;
ROBERT BOSCH GMBH; ROBERT
BOSCH, LLC,
            *Defendants-Appellees.*

---

IN RE VOLKSWAGEN "CLEAN DIESEL"
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION,

No. 17-16082

D.C. No.
3:15-md-02672-
CRB

JASON HILL; RAY PRECIADO; SUSAN
TARRENCE; STEVEN R. THORNTON;
ANNE DUNCAN ARGENTO; SIMON W.
BEAVEN; JULIET BRODIE; SARAH
BURT; AIMEE EPSTEIN; GEORGE
FARQUAR; MARK HOULE; REBECCA
KAPLAN; HELEN KOISK-WESTLY;
RAYMOND KREIN; STEPHEN VERNER;
LEO WINTERNITZ; MARCUS
ALEXANDER DOEGE; LESLIE
MACLISE-KANE; TIMOTHY WATSON;
FARRAH P. BELL; JERRY LAWHON;
MICHAEL R. CRUISE; JOHN C.
DUFURRENA; SCOTT BAHR; KARL
FRY; CESAR OLMOS; BRITNEY LYNNE
SCHNATHORST; CARLA BERG;
AARON JOY; ERIC DAVIDSON WHITE;
FLOYD BECK WARREN; THOMAS J.
BUCHBERGER; RUSSELL EVANS;
CARMEL RUBIN; DANIEL SULLIVAN;
MATTHEW CURE; DENISE DE FIESTA;

MARK ROVNER; WOLFGANG
STEUDEL; ANNE MAHLE; DAVID
MCCARTHY; SCOTT MOEN; RYAN
JOSEPH SCHUETTE; MEGAN
WALAWENDER; JOSEPH MORREY;
MICHAEL LORENZ; NANCY L.
STIREK; REBECCA PERLMUTTER;
ADDISON MINOTT; RICHARD
GROGAN; ALAN BANDICS; MELANI
BUCHANAN FARMER; KEVIN
BEDARD; ELIZABETH BEDARD;
CYNTHIA R. KIRTLAND; MICHAEL
CHARLES KRIMMELBEIN; WILL
HARLAN; HEATHER GREENFIELD;
THOMAS W. AYALA; HERBERT
YUSSIM; NICHOLAS BOND; BRIAN J.
BIALECKI; KATHERINE MEHLS;
WHITNEY POWERS; ROY MCNEAL;
BRETT ALTERS; KELLY R. KING;
RACHEL OTTO; WILLIAM ANDREW
WILSON; DAVID EBENSTEIN; MARK
SCHUMACHER; CHAD DIAL; JOSEPH
HERR; KURT MALLERY; MARION B.
MOORE; LAURA SWENSON; BRIAN
NICHOLAS MILLS,
                    *Plaintiffs-Appellees*,


NAGEL RICE, LLP,
                    *Objector-Appellant*,


                    v.


VOLKSWAGEN GROUP OF AMERICA,
INC.; VOLKSWAGEN, AG; AUDI, AG;

AUDI OF AMERICA, LLC; PORSCHE
CARS NORTH AMERICA, INC.;
ROBERT BOSCH GMBH; ROBERT
BOSCH, LLC,

*Defendants-Appellees.*

---

IN RE VOLKSWAGEN "CLEAN DIESEL"
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION,

No. 17-16083

D.C. No.
3:15-md-02672-
CRB

JASON HILL; RAY PRECIADO; SUSAN
TARRENCE; STEVEN R. THORNTON;
ANNE DUNCAN ARGENTO; SIMON W.
BEAVEN; JULIET BRODIE; SARAH
BURT; AIMEE EPSTEIN; GEORGE
FARQUAR; MARK HOULE; REBECCA
KAPLAN; HELEN KOISK-WESTLY;
RAYMOND KREIN; STEPHEN VERNER;
LEO WINTERNITZ; MARCUS
ALEXANDER DOEGE; LESLIE
MACLISE-KANE; TIMOTHY WATSON;
FARRAH P. BELL; JERRY LAWHON;
MICHAEL R. CRUISE; JOHN C.
DUFURRENA; SCOTT BAHR; KARL
FRY; CESAR OLMOS; BRITNEY LYNNE
SCHNATHORST; CARLA BERG;
AARON JOY; ERIC DAVIDSON WHITE;
FLOYD BECK WARREN; THOMAS J.
BUCHBERGER; RUSSELL EVANS;
CARMEL RUBIN; DANIEL SULLIVAN;
MATTHEW CURE; DENISE DE FIESTA;

MARK ROVNER; WOLFGANG STEUDEL; ANNE MAHLE; DAVID MCCARTHY; SCOTT MOEN; RYAN JOSEPH SCHUETTE; MEGAN WALAWENDER; JOSEPH MORREY; MICHAEL LORENZ; NANCY L. STIREK; REBECCA PERLMUTTER; ADDISON MINOTT; RICHARD GROGAN; ALAN BANDICS; MELANI BUCHANAN FARMER; KEVIN BEDARD; ELIZABETH BEDARD; CYNTHIA R. KIRTLAND; MICHAEL CHARLES KRIMMELBEIN; WILL HARLAN; HEATHER GREENFIELD; THOMAS W. AYALA; HERBERT YUSSIM; NICHOLAS BOND; BRIAN J. BIALECKI; KATHERINE MEHLS; WHITNEY POWERS; ROY MCNEAL; BRETT ALTERS; KELLY R. KING; RACHEL OTTO; WILLIAM ANDREW WILSON; DAVID EBENSTEIN; MARK SCHUMACHER; CHAD DIAL; JOSEPH HERR; KURT MALLERY; MARION B. MOORE; LAURA SWENSON; BRIAN NICHOLAS MILLS,

*Plaintiffs-Appellees*,

STRONG LAW OFFICES,

*Objector-Appellant*,

v.

VOLKSWAGEN GROUP OF AMERICA, INC.; VOLKSWAGEN, AG; AUDI, AG;

AUDI OF AMERICA, LLC; PORSCHE CARS NORTH AMERICA, INC.; ROBERT BOSCH GMBH; ROBERT BOSCH, LLC,

*Defendants-Appellees.*

---

IN RE VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION,

No. 17-16089

D.C. No. 3:15-md-02672-CRB

JASON HILL; RAY PRECIADO; SUSAN TARRENCE; STEVEN R. THORNTON; ANNE DUNCAN ARGENTO; SIMON W. BEAVEN; JULIET BRODIE; SARAH BURT; AIMEE EPSTEIN; GEORGE FARQUAR; MARK HOULE; REBECCA KAPLAN; HELEN KOISK-WESTLY; RAYMOND KREIN; STEPHEN VERNER; LEO WINTERNITZ; MARCUS ALEXANDER DOEGE; LESLIE MACLISE-KANE; TIMOTHY WATSON; FARRAH P. BELL; JERRY LAWHON; MICHAEL R. CRUISE; JOHN C. DUFURRENA; SCOTT BAHR; KARL FRY; CESAR OLMOS; BRITNEY LYNNE SCHNATHORST; CARLA BERG; AARON JOY; ERIC DAVIDSON WHITE; FLOYD BECK WARREN; THOMAS J. BUCHBERGER; RUSSELL EVANS; CARMEL RUBIN; DANIEL SULLIVAN; MATTHEW CURE; DENISE DE FIESTA;

MARK ROVNER; WOLFGANG STEUDEL; ANNE MAHLE; DAVID MCCARTHY; SCOTT MOEN; RYAN JOSEPH SCHUETTE; MEGAN WALAWENDER; JOSEPH MORREY; MICHAEL LORENZ; NANCY L. STIREK; REBECCA PERLMUTTER; ADDISON MINOTT; RICHARD GROGAN; ALAN BANDICS; MELANI BUCHANAN FARMER; KEVIN BEDARD; ELIZABETH BEDARD; CYNTHIA R. KIRTLAND; MICHAEL CHARLES KRIMMELBEIN; WILL HARLAN; HEATHER GREENFIELD; THOMAS W. AYALA; HERBERT YUSSIM; NICHOLAS BOND; BRIAN J. BIALECKI; KATHERINE MEHLS; WHITNEY POWERS; ROY MCNEAL; BRETT ALTERS; KELLY R. KING; RACHEL OTTO; WILLIAM ANDREW WILSON; DAVID EBENSTEIN; MARK SCHUMACHER; CHAD DIAL; JOSEPH HERR; KURT MALLERY; MARION B. MOORE; LAURA SWENSON; BRIAN NICHOLAS MILLS,

*Plaintiffs-Appellees*,

HYDE & SWIGART,

*Objector-Appellant*,

v.

VOLKSWAGEN GROUP OF AMERICA, INC.; VOLKSWAGEN, AG; AUDI, AG;

AUDI OF AMERICA, LLC; PORSCHE CARS NORTH AMERICA, INC.; ROBERT BOSCH GMBH; ROBERT BOSCH, LLC,

*Defendants-Appellees.*

IN RE VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION,

No. 17-16092

D.C. No. 3:15-md-02672-CRB

JASON HILL; RAY PRECIADO; SUSAN TARRENCE; STEVEN R. THORNTON; ANNE DUNCAN ARGENTO; SIMON W. BEAVEN; JULIET BRODIE; SARAH BURT; AIMEE EPSTEIN; GEORGE FARQUAR; MARK HOULE; REBECCA KAPLAN; HELEN KOISK-WESTLY; RAYMOND KREIN; STEPHEN VERNER; LEO WINTERNITZ; MARCUS ALEXANDER DOEGE; LESLIE MACLISE-KANE; TIMOTHY WATSON; FARRAH P. BELL; JERRY LAWHON; MICHAEL R. CRUISE; JOHN C. DUFURRENA; SCOTT BAHR; KARL FRY; CESAR OLMOS; BRITNEY LYNNE SCHNATHORST; CARLA BERG; AARON JOY; ERIC DAVIDSON WHITE; FLOYD BECK WARREN; THOMAS J. BUCHBERGER; RUSSELL EVANS; CARMEL RUBIN; DANIEL SULLIVAN; MATTHEW CURE; DENISE DE FIESTA;

MARK ROVNER; WOLFGANG STEUDEL; ANNE MAHLE; DAVID MCCARTHY; SCOTT MOEN; RYAN JOSEPH SCHUETTE; MEGAN WALAWENDER; JOSEPH MORREY; MICHAEL LORENZ; NANCY L. STIREK; REBECCA PERLMUTTER; ADDISON MINOTT; RICHARD GROGAN; ALAN BANDICS; MELANI BUCHANAN FARMER; KEVIN BEDARD; ELIZABETH BEDARD; CYNTHIA R. KIRTLAND; MICHAEL CHARLES KRIMMELBEIN; WILL HARLAN; HEATHER GREENFIELD; THOMAS W. AYALA; HERBERT YUSSIM; NICHOLAS BOND; BRIAN J. BIALECKI; KATHERINE MEHLS; WHITNEY POWERS; ROY MCNEAL; BRETT ALTERS; KELLY R. KING; RACHEL OTTO; WILLIAM ANDREW WILSON; DAVID EBENSTEIN; MARK SCHUMACHER; CHAD DIAL; JOSEPH HERR; KURT MALLERY; MARION B. MOORE; LAURA SWENSON; BRIAN NICHOLAS MILLS,

*Plaintiffs-Appellees*,

THE DRISCOLL FIRM, P.C.,
*Objector-Appellant*,

v.

VOLKSWAGEN GROUP OF AMERICA, INC.; VOLKSWAGEN, AG; AUDI, AG;

AUDI OF AMERICA, LLC; PORSCHE
CARS NORTH AMERICA, INC.;
ROBERT BOSCH GMBH; ROBERT
BOSCH, LLC,

*Defendants-Appellees.*

---

IN RE VOLKSWAGEN "CLEAN DIESEL"
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION,

No. 17-16099

D.C. No.
3:15-md-02672-
CRB

JASON HILL; RAY PRECIADO; SUSAN
TARRENCE; STEVEN R. THORNTON;
ANNE DUNCAN ARGENTO; SIMON W.
BEAVEN; JULIET BRODIE; SARAH
BURT; AIMEE EPSTEIN; GEORGE
FARQUAR; MARK HOULE; REBECCA
KAPLAN; HELEN KOISK-WESTLY;
RAYMOND KREIN; STEPHEN VERNER;
LEO WINTERNITZ; MARCUS
ALEXANDER DOEGE; LESLIE
MACLISE-KANE; TIMOTHY WATSON;
FARRAH P. BELL; JERRY LAWHON;
MICHAEL R. CRUISE; JOHN C.
DUFURRENA; SCOTT BAHR; KARL
FRY; CESAR OLMOS; BRITNEY LYNNE
SCHNATHORST; CARLA BERG;
AARON JOY; ERIC DAVIDSON WHITE;
FLOYD BECK WARREN; THOMAS J.
BUCHBERGER; RUSSELL EVANS;
CARMEL RUBIN; DANIEL SULLIVAN;
MATTHEW CURE; DENISE DE FIESTA;

MARK ROVNER; WOLFGANG
STEUDEL; ANNE MAHLE; DAVID
MCCARTHY; SCOTT MOEN; RYAN
JOSEPH SCHUETTE; MEGAN
WALAWENDER; JOSEPH MORREY;
MICHAEL LORENZ; NANCY L.
STIREK; REBECCA PERLMUTTER;
ADDISON MINOTT; RICHARD
GROGAN; ALAN BANDICS; MELANI
BUCHANAN FARMER; KEVIN
BEDARD; ELIZABETH BEDARD;
CYNTHIA R. KIRTLAND; MICHAEL
CHARLES KRIMMELBEIN; WILL
HARLAN; HEATHER GREENFIELD;
THOMAS W. AYALA; HERBERT
YUSSIM; NICHOLAS BOND; BRIAN J.
BIALECKI; KATHERINE MEHLS;
WHITNEY POWERS; ROY MCNEAL;
BRETT ALTERS; KELLY R. KING;
RACHEL OTTO; WILLIAM ANDREW
WILSON; DAVID EBENSTEIN; MARK
SCHUMACHER; CHAD DIAL; JOSEPH
HERR; KURT MALLERY; MARION B.
MOORE; LAURA SWENSON; BRIAN
NICHOLAS MILLS,
                    *Plaintiffs-Appellees*,

VILES AND BECKMAN, LLC,
                    *Objector-Appellant*,

v.

VOLKSWAGEN GROUP OF AMERICA,
INC.; VOLKSWAGEN, AG; AUDI, AG;

AUDI OF AMERICA, LLC; PORSCHE
CARS NORTH AMERICA, INC.;
ROBERT BOSCH GMBH; ROBERT
BOSCH, LLC,
        *Defendants-Appellees.*

---

IN RE VOLKSWAGEN "CLEAN DIESEL"
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION,

No. 17-16123

D.C. No.
3:15-md-02672-
CRB

JASON HILL; RAY PRECIADO; SUSAN
TARRENCE; STEVEN R. THORNTON;
ANNE DUNCAN ARGENTO; SIMON W.
BEAVEN; JULIET BRODIE; SARAH
BURT; AIMEE EPSTEIN; GEORGE
FARQUAR; MARK HOULE; REBECCA
KAPLAN; HELEN KOISK-WESTLY;
RAYMOND KREIN; STEPHEN VERNER;
LEO WINTERNITZ; MARCUS
ALEXANDER DOEGE; LESLIE
MACLISE-KANE; TIMOTHY WATSON;
FARRAH P. BELL; JERRY LAWHON;
MICHAEL R. CRUISE; JOHN C.
DUFURRENA; SCOTT BAHR; KARL
FRY; CESAR OLMOS; BRITNEY LYNNE
SCHNATHORST; CARLA BERG;
AARON JOY; ERIC DAVIDSON WHITE;
FLOYD BECK WARREN; THOMAS J.
BUCHBERGER; RUSSELL EVANS;
CARMEL RUBIN; DANIEL SULLIVAN;
MATTHEW CURE; DENISE DE FIESTA;

MARK ROVNER; WOLFGANG STEUDEL; ANNE MAHLE; DAVID MCCARTHY; SCOTT MOEN; RYAN JOSEPH SCHUETTE; MEGAN WALAWENDER; JOSEPH MORREY; MICHAEL LORENZ; NANCY L. STIREK; REBECCA PERLMUTTER; ADDISON MINOTT; RICHARD GROGAN; ALAN BANDICS; MELANI BUCHANAN FARMER; KEVIN BEDARD; ELIZABETH BEDARD; CYNTHIA R. KIRTLAND; MICHAEL CHARLES KRIMMELBEIN; WILL HARLAN; HEATHER GREENFIELD; THOMAS W. AYALA; HERBERT YUSSIM; NICHOLAS BOND; BRIAN J. BIALECKI; KATHERINE MEHLS; WHITNEY POWERS; ROY MCNEAL; BRETT ALTERS; KELLY R. KING; RACHEL OTTO; WILLIAM ANDREW WILSON; DAVID EBENSTEIN; MARK SCHUMACHER; CHAD DIAL; JOSEPH HERR; KURT MALLERY; MARION B. MOORE; LAURA SWENSON; BRIAN NICHOLAS MILLS,
                *Plaintiffs-Appellees*,

HOLTON LAW FIRM, PLLC,
                *Objector-Appellant*,

                v.

VOLKSWAGEN GROUP OF AMERICA, INC.; VOLKSWAGEN, AG; AUDI, AG;

AUDI OF AMERICA, LLC; PORSCHE
CARS NORTH AMERICA, INC.;
ROBERT BOSCH GMBH; ROBERT
BOSCH, LLC,

*Defendants-Appellees.*

---

IN RE VOLKSWAGEN "CLEAN DIESEL"
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION,

No. 17-16124

D.C. No.
3:15-md-02672-
CRB

JASON HILL; RAY PRECIADO; SUSAN
TARRENCE; STEVEN R. THORNTON;
ANNE DUNCAN ARGENTO; SIMON W.
BEAVEN; JULIET BRODIE; SARAH
BURT; AIMEE EPSTEIN; GEORGE
FARQUAR; MARK HOULE; REBECCA
KAPLAN; HELEN KOISK-WESTLY;
RAYMOND KREIN; STEPHEN VERNER;
LEO WINTERNITZ; MARCUS
ALEXANDER DOEGE; LESLIE
MACLISE-KANE; TIMOTHY WATSON;
FARRAH P. BELL; JERRY LAWHON;
MICHAEL R. CRUISE; JOHN C.
DUFURRENA; SCOTT BAHR; KARL
FRY; CESAR OLMOS; BRITNEY LYNNE
SCHNATHORST; CARLA BERG;
AARON JOY; ERIC DAVIDSON WHITE;
FLOYD BECK WARREN; THOMAS J.
BUCHBERGER; RUSSELL EVANS;
CARMEL RUBIN; DANIEL SULLIVAN;
MATTHEW CURE; DENISE DE FIESTA;

MARK ROVNER; WOLFGANG STEUDEL; ANNE MAHLE; DAVID MCCARTHY; SCOTT MOEN; RYAN JOSEPH SCHUETTE; MEGAN WALAWENDER; JOSEPH MORREY; MICHAEL LORENZ; NANCY L. STIREK; REBECCA PERLMUTTER; ADDISON MINOTT; RICHARD GROGAN; ALAN BANDICS; MELANI BUCHANAN FARMER; KEVIN BEDARD; ELIZABETH BEDARD; CYNTHIA R. KIRTLAND; MICHAEL CHARLES KRIMMELBEIN; WILL HARLAN; HEATHER GREENFIELD; THOMAS W. AYALA; HERBERT YUSSIM; NICHOLAS BOND; BRIAN J. BIALECKI; KATHERINE MEHLS; WHITNEY POWERS; ROY MCNEAL; BRETT ALTERS; KELLY R. KING; RACHEL OTTO; WILLIAM ANDREW WILSON; DAVID EBENSTEIN; MARK SCHUMACHER; CHAD DIAL; JOSEPH HERR; KURT MALLERY; MARION B. MOORE; LAURA SWENSON; BRIAN NICHOLAS MILLS,

*Plaintiffs-Appellees*,

MAKAREM & ASSOCIATES, APLC,
*Objector-Appellant*,

v.

VOLKSWAGEN GROUP OF AMERICA, INC.; VOLKSWAGEN, AG; AUDI, AG;

AUDI OF AMERICA, LLC; PORSCHE
CARS NORTH AMERICA, INC.;
ROBERT BOSCH GMBH; ROBERT
BOSCH, LLC,
          *Defendants-Appellees.*

---

IN RE VOLKSWAGEN "CLEAN DIESEL"
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION,

JASON HILL; RAY PRECIADO; SUSAN
TARRENCE; STEVEN R. THORNTON;
ANNE DUNCAN ARGENTO; SIMON W.
BEAVEN; JULIET BRODIE; SARAH
BURT; AIMEE EPSTEIN; GEORGE
FARQUAR; MARK HOULE; REBECCA
KAPLAN; HELEN KOISK-WESTLY;
RAYMOND KREIN; STEPHEN VERNER;
LEO WINTERNITZ; MARCUS
ALEXANDER DOEGE; LESLIE
MACLISE-KANE; TIMOTHY WATSON;
FARRAH P. BELL; JERRY LAWHON;
MICHAEL R. CRUISE; JOHN C.
DUFURRENA; SCOTT BAHR; KARL
FRY; CESAR OLMOS; BRITNEY LYNNE
SCHNATHORST; CARLA BERG;
AARON JOY; ERIC DAVIDSON WHITE;
FLOYD BECK WARREN; THOMAS J.
BUCHBERGER; RUSSELL EVANS;
CARMEL RUBIN; DANIEL SULLIVAN;
MATTHEW CURE; DENISE DE FIESTA;

No. 17-16130

D.C. No.
3:15-md-02672-
CRB

MARK ROVNER; WOLFGANG STEUDEL; ANNE MAHLE; DAVID MCCARTHY; RYAN JOSEPH SCHUETTE; MEGAN WALAWENDER; JOSEPH MORREY; MICHAEL LORENZ; NANCY L. STIREK; REBECCA PERLMUTTER; ADDISON MINOTT; RICHARD GROGAN; ALAN BANDICS; MELANI BUCHANAN FARMER; KEVIN BEDARD; ELIZABETH BEDARD; CYNTHIA R. KIRTLAND; MICHAEL CHARLES KRIMMELBEIN; WILL HARLAN; HEATHER GREENFIELD; THOMAS W. AYALA; HERBERT YUSSIM; NICHOLAS BOND; BRIAN J. BIALECKI; KATHERINE MEHLS; WHITNEY POWERS; ROY MCNEAL; BRETT ALTERS; KELLY R. KING; RACHEL OTTO; WILLIAM ANDREW WILSON; DAVID EBENSTEIN; MARK SCHUMACHER; CHAD DIAL; JOSEPH HERR; KURT MALLERY; MARION B. MOORE; LAURA SWENSON; BRIAN NICHOLAS MILLS,

*Plaintiffs-Appellees*,

LAW OFFICE OF SAMUEL W. BEARMAN, LLC; SELLERS SKIEVASKI KUDER LLP; ARTICE MCGRAW, PA,

*Objectors-Appellants*,

v.

VOLKSWAGEN GROUP OF AMERICA, INC.; VOLKSWAGEN, AG; AUDI, AG; AUDI OF AMERICA, LLC; PORSCHE CARS NORTH AMERICA, INC.; ROBERT BOSCH GMBH; ROBERT BOSCH, LLC,

*Defendants-Appellees.*

---

IN RE VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION,

JASON HILL; RAY PRECIADO; SUSAN TARRENCE; STEVEN R. THORNTON; ANNE DUNCAN ARGENTO; SIMON W. BEAVEN; JULIET BRODIE; SARAH BURT; AIMEE EPSTEIN; GEORGE FARQUAR; MARK HOULE; REBECCA KAPLAN; HELEN KOISK-WESTLY; RAYMOND KREIN; STEPHEN VERNER; LEO WINTERNITZ; MARCUS ALEXANDER DOEGE; LESLIE MACLISE-KANE; TIMOTHY WATSON; FARRAH P. BELL; JERRY LAWHON; MICHAEL R. CRUISE; JOHN C. DUFURRENA; SCOTT BAHR; KARL FRY; CESAR OLMOS; BRITNEY LYNNE SCHNATHORST; CARLA BERG; AARON JOY; ERIC DAVIDSON WHITE; FLOYD BECK WARREN; THOMAS J. BUCHBERGER; RUSSELL EVANS;

No. 17-16132

D.C. No. 3:15-md-02672-CRB

CARMEL RUBIN; DANIEL SULLIVAN; MATTHEW CURE; DENISE DE FIESTA; MARK ROVNER; WOLFGANG STEUDEL; ANNE MAHLE; DAVID MCCARTHY; SCOTT MOEN; RYAN JOSEPH SCHUETTE; MEGAN WALAWENDER; JOSEPH MORREY; MICHAEL LORENZ; NANCY L. STIREK; REBECCA PERLMUTTER; ADDISON MINOTT; RICHARD GROGAN; ALAN BANDICS; MELANI BUCHANAN FARMER; KEVIN BEDARD; ELIZABETH BEDARD; CYNTHIA R. KIRTLAND; MICHAEL CHARLES KRIMMELBEIN; WILL HARLAN; HEATHER GREENFIELD; THOMAS W. AYALA; HERBERT YUSSIM; NICHOLAS BOND; BRIAN J. BIALECKI; KATHERINE MEHLS; WHITNEY POWERS; ROY MCNEAL; BRETT ALTERS; KELLY R. KING; RACHEL OTTO; WILLIAM ANDREW WILSON; DAVID EBENSTEIN; MARK SCHUMACHER; CHAD DIAL; JOSEPH HERR; KURT MALLERY; MARION B. MOORE; LAURA SWENSON; BRIAN NICHOLAS MILLS,

*Plaintiffs-Appellees*,

HARRELL & NOWAK, LLC,
*Objector-Appellant*,

v.

VOLKSWAGEN GROUP OF AMERICA, INC.; VOLKSWAGEN, AG; AUDI, AG; AUDI OF AMERICA, LLC; PORSCHE CARS NORTH AMERICA, INC.; ROBERT BOSCH GMBH; ROBERT BOSCH, LLC,

*Defendants-Appellees.*

IN RE VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION,

JASON HILL; RAY PRECIADO; SUSAN TARRENCE; STEVEN R. THORNTON; ANNE DUNCAN ARGENTO; SIMON W. BEAVEN; JULIET BRODIE; SARAH BURT; AIMEE EPSTEIN; GEORGE FARQUAR; MARK HOULE; REBECCA KAPLAN; HELEN KOISK-WESTLY; RAYMOND KREIN; STEPHEN VERNER; LEO WINTERNITZ; MARCUS ALEXANDER DOEGE; LESLIE MACLISE-KANE; TIMOTHY WATSON; FARRAH P. BELL; JERRY LAWHON; MICHAEL R. CRUISE; JOHN C. DUFURRENA; SCOTT BAHR; KARL FRY; CESAR OLMOS; BRITNEY LYNNE SCHNATHORST; CARLA BERG; AARON JOY; ERIC DAVIDSON WHITE; FLOYD BECK WARREN; THOMAS J. BUCHBERGER; RUSSELL EVANS;

No. 17-16156

D.C. No. 3:15-md-02672-CRB

CARMEL RUBIN; DANIEL SULLIVAN; MATTHEW CURE; DENISE DE FIESTA; MARK ROVNER; WOLFGANG STEUDEL; ANNE MAHLE; DAVID MCCARTHY; RYAN JOSEPH SCHUETTE; MEGAN WALAWENDER; JOSEPH MORREY; MICHAEL LORENZ; NANCY L. STIREK; REBECCA PERLMUTTER; ADDISON MINOTT; RICHARD GROGAN; ALAN BANDICS; MELANI BUCHANAN FARMER; KEVIN BEDARD; ELIZABETH BEDARD; CYNTHIA R. KIRTLAND; MICHAEL CHARLES KRIMMELBEIN; WILL HARLAN; HEATHER GREENFIELD; THOMAS W. AYALA; HERBERT YUSSIM; NICHOLAS BOND; BRIAN J. BIALECKI; KATHERINE MEHLS; WHITNEY POWERS; ROY MCNEAL; BRETT ALTERS; KELLY R. KING; RACHEL OTTO; WILLIAM ANDREW WILSON; DAVID EBENSTEIN; MARK SCHUMACHER; CHAD DIAL; JOSEPH HERR; KURT MALLERY; MARION B. MOORE; LAURA SWENSON; BRIAN NICHOLAS MILLS,

*Plaintiffs-Appellees*,

EGOLF FERLIC HARWOOD, LLC,
*Objector-Appellant*,

v.

VOLKSWAGEN GROUP OF AMERICA, INC.; VOLKSWAGEN, AG; AUDI, AG; AUDI OF AMERICA, LLC; PORSCHE CARS NORTH AMERICA, INC.; ROBERT BOSCH GMBH; ROBERT BOSCH, LLC,

*Defendants-Appellees.*

IN RE VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION,

No. 17-16158

D.C. No. 3:15-md-02672-CRB

JASON HILL; RAY PRECIADO; SUSAN TARRENCE; STEVEN R. THORNTON; ANNE DUNCAN ARGENTO; SIMON W. BEAVEN; JULIET BRODIE; SARAH BURT; AIMEE EPSTEIN; GEORGE FARQUAR; MARK HOULE; REBECCA KAPLAN; HELEN KOISK-WESTLY; RAYMOND KREIN; STEPHEN VERNER; LEO WINTERNITZ; MARCUS ALEXANDER DOEGE; LESLIE MACLISE-KANE; TIMOTHY WATSON; FARRAH P. BELL; JERRY LAWHON; MICHAEL R. CRUISE; JOHN C. DUFURRENA; SCOTT BAHR; KARL FRY; CESAR OLMOS; BRITNEY LYNNE SCHNATHORST; CARLA BERG; AARON JOY; ERIC DAVIDSON WHITE; FLOYD BECK WARREN; THOMAS J. BUCHBERGER; RUSSELL EVANS;

CARMEL RUBIN; DANIEL SULLIVAN;
MATTHEW CURE; DENISE DE FIESTA;
MARK ROVNER; WOLFGANG
STEUDEL; ANNE MAHLE; DAVID
MCCARTHY; RYAN JOSEPH
SCHUETTE; MEGAN WALAWENDER;
JOSEPH MORREY; MICHAEL LORENZ;
NANCY L. STIREK; REBECCA
PERLMUTTER; ADDISON MINOTT;
RICHARD GROGAN; ALAN BANDICS;
MELANI BUCHANAN FARMER; KEVIN
BEDARD; ELIZABETH BEDARD;
CYNTHIA R. KIRTLAND; MICHAEL
CHARLES KRIMMELBEIN; WILL
HARLAN; HEATHER GREENFIELD;
THOMAS W. AYALA; HERBERT
YUSSIM; NICHOLAS BOND; BRIAN J.
BIALECKI; KATHERINE MEHLS;
WHITNEY POWERS; ROY MCNEAL;
BRETT ALTERS; KELLY R. KING;
RACHEL OTTO; WILLIAM ANDREW
WILSON; DAVID EBENSTEIN; MARK
SCHUMACHER; CHAD DIAL; JOSEPH
HERR; KURT MALLERY; MARION B.
MOORE; LAURA SWENSON; BRIAN
NICHOLAS MILLS,
                    *Plaintiffs-Appellees*,

RYDER LAW FIRM, P.C.,
                    *Objector-Appellant*,

                    v.

VOLKSWAGEN GROUP OF AMERICA,
INC.; VOLKSWAGEN, AG; AUDI, AG;
AUDI OF AMERICA, LLC; PORSCHE
CARS NORTH AMERICA, INC.;
ROBERT BOSCH GMBH; ROBERT
BOSCH, LLC,
        *Defendants-Appellees.*

IN RE VOLKSWAGEN "CLEAN DIESEL"
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION,

No. 17-16172

D.C. No.
3:15-md-02672-
CRB

JASON HILL; RAY PRECIADO; SUSAN
TARRENCE; STEVEN R. THORNTON;
ANNE DUNCAN ARGENTO; SIMON W.
BEAVEN; JULIET BRODIE; SARAH
BURT; AIMEE EPSTEIN; GEORGE
FARQUAR; MARK HOULE; REBECCA
KAPLAN; HELEN KOISK-WESTLY;
RAYMOND KREIN; STEPHEN VERNER;
LEO WINTERNITZ; MARCUS
ALEXANDER DOEGE; LESLIE
MACLISE-KANE; TIMOTHY WATSON;
FARRAH P. BELL; JERRY LAWHON;
MICHAEL R. CRUISE; JOHN C.
DUFURRENA; SCOTT BAHR; KARL
FRY; CESAR OLMOS; BRITNEY LYNNE
SCHNATHORST; CARLA BERG;
AARON JOY; ERIC DAVIDSON WHITE;
FLOYD BECK WARREN; THOMAS J.
BUCHBERGER; RUSSELL EVANS;

CARMEL RUBIN; DANIEL SULLIVAN;
MATTHEW CURE; DENISE DE FIESTA;
MARK ROVNER; WOLFGANG
STEUDEL; ANNE MAHLE; DAVID
MCCARTHY; SCOTT MOEN; RYAN
JOSEPH SCHUETTE; MEGAN
WALAWENDER; JOSEPH MORREY;
MICHAEL LORENZ; NANCY L.
STIREK; REBECCA PERLMUTTER;
ADDISON MINOTT; RICHARD
GROGAN; ALAN BANDICS; MELANI
BUCHANAN FARMER; KEVIN
BEDARD; ELIZABETH BEDARD;
CYNTHIA R. KIRTLAND; MICHAEL
CHARLES KRIMMELBEIN; WILL
HARLAN; HEATHER GREENFIELD;
THOMAS W. AYALA; HERBERT
YUSSIM; NICHOLAS BOND; BRIAN J.
BIALECKI; KATHERINE MEHLS;
WHITNEY POWERS; ROY MCNEAL;
BRETT ALTERS; KELLY R. KING;
RACHEL OTTO; WILLIAM ANDREW
WILSON; DAVID EBENSTEIN; MARK
SCHUMACHER; CHAD DIAL; JOSEPH
HERR; KURT MALLERY; MARION B.
MOORE; LAURA SWENSON; BRIAN
NICHOLAS MILLS,
                    *Plaintiffs-Appellees*,

PAUL S. ROTHSTEIN,
                    *Objector-Appellant*,

                    v.

VOLKSWAGEN GROUP OF AMERICA,
INC.; VOLKSWAGEN, AG; AUDI, AG;
AUDI OF AMERICA, LLC; PORSCHE
CARS NORTH AMERICA, INC.;
ROBERT BOSCH GMBH; ROBERT
BOSCH, LLC,
            *Defendants-Appellees.*

IN RE VOLKSWAGEN "CLEAN DIESEL"
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION,

No. 17-16180

D.C. No.
3:15-md-02672-
CRB

OPINION

JASON HILL; RAY PRECIADO; SUSAN
TARRENCE; STEVEN R. THORNTON;
ANNE DUNCAN ARGENTO; SIMON W.
BEAVEN; JULIET BRODIE; SARAH
BURT; AIMEE EPSTEIN; GEORGE
FARQUAR; MARK HOULE; REBECCA
KAPLAN; HELEN KOISK-WESTLY;
RAYMOND KREIN; STEPHEN VERNER;
LEO WINTERNITZ; MARCUS
ALEXANDER DOEGE; LESLIE
MACLISE-KANE; TIMOTHY WATSON;
FARRAH P. BELL; JERRY LAWHON;
MICHAEL R. CRUISE; JOHN C.
DUFURRENA; SCOTT BAHR; KARL
FRY; CESAR OLMOS; BRITNEY LYNNE
SCHNATHORST; CARLA BERG;
AARON JOY; ERIC DAVIDSON WHITE;
FLOYD BECK WARREN; THOMAS J.
BUCHBERGER; RUSSELL EVANS;

CARMEL RUBIN; DANIEL SULLIVAN;
MATTHEW CURE; DENISE DE FIESTA;
MARK ROVNER; WOLFGANG
STEUDEL; ANNE MAHLE; DAVID
MCCARTHY; RYAN JOSEPH
SCHUETTE; MEGAN WALAWENDER;
JOSEPH MORREY; MICHAEL LORENZ;
NANCY L. STIREK; REBECCA
PERLMUTTER; ADDISON MINOTT;
RICHARD GROGAN; ALAN BANDICS;
MELANI BUCHANAN FARMER; KEVIN
BEDARD; ELIZABETH BEDARD;
CYNTHIA R. KIRTLAND; MICHAEL
CHARLES KRIMMELBEIN; WILL
HARLAN; HEATHER GREENFIELD;
THOMAS W. AYALA; HERBERT
YUSSIM; NICHOLAS BOND; BRIAN J.
BIALECKI; KATHERINE MEHLS;
WHITNEY POWERS; ROY MCNEAL;
BRETT ALTERS; KELLY R. KING;
RACHEL OTTO; WILLIAM ANDREW
WILSON; DAVID EBENSTEIN; MARK
SCHUMACHER; CHAD DIAL; JOSEPH
HERR; KURT MALLERY; MARION B.
MOORE; LAURA SWENSON; BRIAN
NICHOLAS MILLS,
                    *Plaintiffs-Appellees*,

HAWKS QUINDEL, S.C.; HABUSH
HABUSH & ROTTIER, S.C.,
                    *Objectors-Appellants*,

v.

VOLKSWAGEN GROUP OF AMERICA,
INC.; VOLKSWAGEN, AG; AUDI, AG;
AUDI OF AMERICA, LLC; PORSCHE
CARS NORTH AMERICA, INC.;
ROBERT BOSCH GMBH; ROBERT
BOSCH, LLC,
             *Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted December 19, 2018
San Francisco, California

Filed January 22, 2019

Before:  MILAN D. SMITH, JR. and JACQUELINE H.
NGUYEN, Circuit Judges, and JANE A. RESTANI,[*]
Judge.

Opinion by Judge Milan D. Smith, Jr.

---

[*] The Honorable Jane A. Restani, Judge for the United States Court
of International Trade, sitting by designation.

## SUMMARY[**]

### Attorneys' Fees / Class Action

The panel affirmed the district court's order denying the 244 motions for attorneys' fees filed by non-class counsel, arising from an underlying class action that secured a settlement of more than $10 billion and an additional award of $175 million in fees for class counsel, in a multi-district litigation concerning claims predicated on Volkswagen's use of defeat devices in certain VW and Audi diesel vehicles.

The panel held that appellants, who were law firms and lawyers that appealed in their own names (with the exception of appellant Roald Clark Fleishman, Jr. who joined his attorney's appeal), had standing to challenge the fee order. The panel concluded, as a matter of first impression, that appellants had standing because they suffered an injury (deprivation of attorneys' fees) that was caused by the conduct complained of (the fee order) and would be redressed by judicial relief.

Federal Rule of Civil Procedure 23 permits an award of fees when authorized by law or the parties' agreement, and courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable. Because the underlying class action did not feature a traditional common fund from which attorneys' fees were procured, appellants could only have collected fees if they provided a substantial benefit to the class. The panel concluded that the district

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

court did not abuse its discretion when it determined that the efforts of non-class counsel for which they sought fees did not benefit the class such that they would be entitled to compensation.

The panel rejected three additional arguments advanced by Nagel Rice LLP and others (the Nagel Appellants).  The panel held that the district court's order supplied the necessary level of explanation for its decision.  The panel also held that there was no agreement between the parties, either explicit or implicit, that Volkswagen would compensate the Nagel Appellants for their efforts.  Finally, the panel held that the Nagel Appellants improperly invoked quantum meruit where non-class counsel did not substantially benefit the class; and no unjust enrichment occurred.

Appellant James Ben Feinman's separate brief challenged the district court's injunction enjoining efforts to assert attorney fee lien claims under State law.  The panel held that because the district court vacated the lien order and its injunction, all of the issues contained in Feinman's brief were rendered moot, and the panel need not consider them.

## COUNSEL

Bruce H. Nagel (argued) and Diane E. Sammons, Nagel Rice, LLP, Roseland, New Jersey; James B. Feinman (argued), James B. Feinman & Associates, Lynchburg, California; Sara Khosroabadi and Joshua B. Swigart, Hyde & Swigart, San Diego, California; for Objectors-Appellants.

Samuel Issacharoff (argued), New York, New York; Kevin R. Budner, David S. Stellings, and Elizabeth J. Cabraser,

Lieff Cabraser Heimann & Bernstein LLP, San Francisco, California; Robin L. Greenwald, Weitz & Luxenberg P.C., New York, New York; Christopher A. Seeger, Seeger Weiss LLP, New York, New York; Paul J. Geller, Robbins Geller Rudman & Dowd LLP, Boca Raton, Florida; Lynn Lincoln Sarko, Keller Rohrback L.L.P., Seattle, Washington; Michael D. Hausfeld, Hausfeld LLP, Washington, D.C.; Jayne Conroy, Simmons Hanly Conroy LLC, New York, New York; Roxanne Barton Conlin, Roxanne Conlin & Associates P.C., Des Moines, Iowa; Joseph F. Rice, Motley Rice LLC, Mount Pleasant, South Carolina; Michael Everett Heygood, Heygood Orr & Pearson, Irving, Texas; Adam J. Levitt, Dicello Levitt & Casey LLC, Chicago, Illinois; Frank Mario Pitre, Cotchett Pitre & McCarthy LLP, Burlingame, California; James E. Cecchi and Carella, Byrne, Cecchi Olstein Brody & Agnello P.C., Roseland, New Jersey; David Boies, Boies Schiller & Flexner LLP, Armonk, New York; W. Daniel "Dee" Miles III, Beasley Allen Law Firm, Montgomery, Alabama; Benjamin L. Bailey, Bailey Glasser LLP, Charleston, West Virginia; Steve W. Berman, Hagens Berman, Seattle, Washington; Rosemary M. Rivas, Levi & Korsinsky LLP, San Francisco, California; David Seabold Casey Jr., Casey Gerry Schenk Franca Villa Blatt & Penfield LLP, San Diego, California; J. Gerard Stranch IV, Branstetter Stranch & Jennings, PLLC, Nashville, Tennessee; Lesley E. Weaver, Bleichmar Fonti & Auld LLP, Oakland, California; Roland K. Tellis, Baron & Budd P.C., Encino, California; for Plaintiffs-Appellees.

Sharon Nelles (argued), Andrew J. Finn, William B. Monahan, and Robert J. Giuffra, Jr., Sullivan & Cromwell LLP, New York, New York, for Defendants-Appellees.

## OPINION

M. SMITH, Circuit Judge:

Appellants are lawyers and law firms that represented class members in an underlying class action that secured a settlement of more than $10 billion and an additional award of $175 million in fees for class counsel. Non-class counsel filed 244 motions for attorneys' fees. In a single order, the district court denied all of the motions, determining that the lawyers neither performed common benefit work nor followed the proper procedures for compensation. We affirm.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Factual Background

On September 18, 2015, the Environmental Protection Agency (EPA) issued a Notice of Violation (NOV) in which it alleged that Defendants-Appellees Volkswagen Group of America, Inc., Volkswagen, AG, and Audi, AG (collectively, Volkswagen) used "defeat devices" in 500,000

---

[1] Various appellants filed eighteen separate notices of appeal from the district court's order, seventeen of which are consolidated here. (The eighteenth appeal—*Autoport, LLC v. Volkswagen Group of America, Inc.*, No. 17-16066—was later severed from the consolidation and is addressed in a concurrently filed memorandum disposition.) The law firms represented in fifteen of the seventeen consolidated appeals signed on to the brief prepared by Appellants Nagel Rice, LLP and Hyde & Swigart, while Appellants James Ben Feinman and Ronald Clark Fleshman, Jr. submitted their own, separate brief. Appellant Bishop, Heenan & Davies LLC did not sign either of these briefs, and did not submit its own.

Volkswagen- and Audi-branded TDI "clean diesel" vehicles. As the district court later explained,

> [T]he defeat device produces regulation-compliant results when it senses the vehicle is undergoing testing, but operates a less effective emissions control system when the vehicle is driven under normal circumstances. It was only by using the defeat device that Volkswagen was able to obtain Certificates of Conformity from EPA and Executive Orders from [the California Air Resources Board] for its TDI diesel engine vehicles. In reality, these vehicles emit nitrogen oxides ("NOx") at a factor of up to 40 times over the permitted limit.

Two months later, the EPA issued a second NOV to Volkswagen and Defendant-Appellee Porsche Cars of North America, Inc., which implicated the companies' 3.0-liter diesel engine vehicles.

## II.  Procedural Background

### A.  Commencement of Lawsuits

Soon after the issuance of the NOVs, consumers nationwide commenced hundreds of lawsuits. One such action was spearheaded by Appellant Nagel Rice, LLP (Nagel Rice), an illustrative law firm that represented forty-three Volkswagen owners from various states. Nagel Rice filed a complaint in New Jersey federal court on September 21, 2015—three days after the issuance of the first NOV and two months before the eventual consolidation of all related cases. During this early representation, Nagel Rice asserts that it performed various activities related to the litigation,

including conducting research, fielding calls from prospective clients and the media, and communicating with German legal counsel regarding potential jurisdictional and evidentiary issues.

Eventually, on December 8, 2015, the Judicial Panel on Multidistrict Litigation consolidated the various lawsuits and transferred them to the U.S. District Court for the Northern District of California.  Ultimately, the district court received more than one thousand Volkswagen cases as part of this multidistrict litigation (MDL), titled *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, & Product Liability Litigation*, MDL 2672.

## B.  Pretrial Orders

On December 9, 2015—the day after the consolidation and transfer—the district court issued its first pretrial order (PTO), in which it announced its intent "to appoint a Plaintiffs' Steering Committee(s) to conduct and coordinate the pretrial stage of this litigation with the defendants' representatives or committee."  Nagel Rice was one of the firms that submitted papers to be selected either as Lead Counsel or as a member of the Plaintiffs' Steering Committee (PSC).

The district court selected a twenty-one-member PSC following the application process, and appointed it and Lead Counsel (together, Class Counsel) in its seventh PTO (PTO No. 7).  This PTO asserted that "as to all matters common to the coordinated cases, and to the fullest extent consistent with the independent fiduciary obligations owed by any and all plaintiffs' counsel to their clients and any putative class, [] pretrial proceedings shall [be] conducted by and through the PSC."

In its eleventh PTO (PTO No. 11), filed on February 25, 2016, the district court outlined its protocol for common benefit work and expenses.  The court explained that "[t]he recovery of common benefit attorneys' fees and cost reimbursements will be limited to 'Participating Counsel,'" which it defined as

> Lead Counsel and members of the Plaintiffs' Steering Committee (along with members and staff of their respective firms), any other counsel authorized by Lead Counsel to perform work that may be considered for common benefit compensation, and/or counsel who have been specifically approved by this Court as Participating Counsel prior to incurring any such cost or expense.

It further elaborated that "Participating Counsel shall be eligible to receive common benefit attorneys' fees and reimbursement of costs and expenses only if the time expended, costs incurred, and activity in question were (a) for the common benefit of Plaintiffs; (b) timely submitted; and (c) reasonable."  As to the first requirement—"for the common benefit of Plaintiffs"—the district court explained that

> [o]nly Court-appointed Counsel and those attorneys working on assignments therefrom that require them to review, analyze, or summarize those filings or Orders in connection with their assignments are doing so for the common benefit. *All other counsel are reviewing those filings and Orders for their own benefit and that of their respective*

> *clients and such review will not be considered Common Benefit Work.*

(emphasis added).  Class Counsel later reported that "Lead Counsel took advantage of the authority granted in PTO 7 to enlist and authorize nearly 100 additional firms to perform the necessary common benefit work, which was then tracked pursuant to the protocol set forth in PTO 11."[2]

The PTOs' guidance notwithstanding, Nagel Rice claims that, although it was not selected to be Lead Counsel or a member of the PSC, it "appeared telephonically in almost every court appearance relative to the case and provided continual updates to clients via email," and "fielded scores of telephone calls from clients and other class members seeking information relative to the settlement and the process for submitting objections and claims."  Similarly, another lawyer, Appellant James Ben Feinman, extensively litigated on behalf of 403 individual clients in Virginia state and federal courts, in addition to monitoring the MDL. There is no indication in the record that Nagel Rice, Feinman, or any other Appellants fully complied with the PTOs in performing these efforts.

## C. Settlement Process

Class Counsel, along with ninety-seven additional plaintiffs' firms that Lead Counsel enlisted pursuant to PTO

---

[2] For example, PSC chair Elizabeth Cabraser attested that "prior to the filing of the Consolidated Consumer Class Action Complaint, [she] requested all firms who had submitted leadership applications and other interested firms to submit information on plaintiffs interested in serving as proposed class representatives.  Information on [] nearly 600 plaintiffs was submitted by dozens of firms.  All of these firms were asked to submit their time for this effort under PTO 11."  (citation omitted).

No. 11, embarked on an aggressive settlement process that, in the words of Settlement Master Robert S. Mueller III, "involved at least 40 meetings and in-person conferences at various locations, including San Francisco, New York City, and Washington, DC, over a five-month period.  A number of these sessions lasted many hours, both early and late, and weekends were not excluded."  The efforts undertaken by this group included drafting a 719-page consolidated class action complaint, selecting class representatives, requesting and reviewing more than 12 million pages of Volkswagen documents, and conducting settlement negotiations.

The district court preliminarily approved the resulting Consolidated Consumer Class Action Settlement (the Settlement) on July 29, 2016.  In their motion for preliminary approval, the class action's plaintiffs (Plaintiffs) asserted that "[n]one of the settlement benefits for Class Members will be reduced to pay attorneys' fees or to reimburse expenses of Class Counsel.  Volkswagen will pay attorneys' fees and costs separately and in addition to the Settlement benefits to Class Members."

The court filed its final approval of the Settlement on October 25, 2016.  As of November 2017—one year before the end of the claims period—the claims of more than 300,000 class members had been submitted and finalized, resulting in payments of nearly $7 billion.

## D.  Recovery of Attorneys' Fees

Notably, for purposes of these appeals, section 11.1 of the Settlement read in part as follows:

> Volkswagen agrees to pay reasonable attorneys' fees and costs for work performed by Class Counsel in connection with the

> Action as well as the work performed by other attorneys designated by Class Counsel to perform work in connection with the Action in an amount to be negotiated by the Parties and that must be approved by the Court. . . . If the Parties reach an agreement about the amount of attorneys' fees and costs, Class Counsel will submit the negotiated amount to the Court for approval. . . . The Parties shall have the right to appeal the Court's determination as to the amount of attorneys' fees and costs.

Volkswagen and Class Counsel eventually agreed to an award of $175 million in attorneys' fees and costs, which the district court granted on March 17, 2017.

In November 2016, Volkswagen informed the district court that it had begun receiving "notices of representation from [attorneys] purporting to assert attorneys' fee liens on payments made to certain class members under" the Settlement. The district court also began to receive motions for attorneys' fees and costs. In response, the court issued an order regarding attorneys' liens (the Lien Order) on November 22, 2016. It noted that a purpose of the Settlement was to "ensure[] Class Members who participate in a Buyback have sufficient cash to purchase a comparable replacement vehicle and thus facilitate[] removal of the polluting vehicles from the road." The court continued,

> An attorneys' lien on a Class Member's recovery frustrates this goal. By diverting a portion of Class Members' compensation to private counsel, a lien reduces Class Members' compensation and places them in

> a position where they must purchase another vehicle but lack the funds to do so. Put another way, attorneys—notably, attorneys who did not have a hand in negotiating the Settlement—stand to profit while their clients are left with inadequate compensation.

Accordingly, pursuant to its power under the All Writs Act, the district court "enjoin[ed] any state court proceeding relating to an attorneys' lien on any Class Member's recovery under the Settlement."

However, acknowledging that "some attorneys may have provided Class Members with compensable services," the court also established a procedure for recovery of attorneys' fees, requiring "a separate application for each Class Member" that would include "the amount sought; the specific legal service(s) provided, including time records; and the terms of the fee agreement that require such an award." The court ultimately received 244 applications, including one from Nagel Rice.

Feinman, the Virginia lawyer who continued his litigation activities even after consolidation and appointment of Class Counsel, filed an objection to the Lien Order injunction and requested more time to comply with the procedure for fee applications. In his objection, he explained the propriety of his attorney's lien in Virginia, and called into question the district court's federal question jurisdiction over the claims of his clients. He concluded that "this Honorable Court has no right, authority or power to annul or repeal Virginia law in regard to statutorily-created liens for attorneys' fees. To do so violates the property rights of Mr. Feinman without due process of law, and violates the Full Faith and Credit Clause of the United States."

After reviewing the 244 fee applications, the district court issued an order (the Fee Order) in which it determined that "Volkswagen did not agree to pay these fees and costs as part of the Settlement, and [] Non-Class Counsel have not offered evidence that their services benefited the *class*, as opposed to their individual clients," and consequently denied the motions.  The court concluded that "Non-Class Counsel's filing of individual and class complaints prior to the MDL did not benefit the class" because, due to the short time between the first NOV and consolidation of the MDL, little pretrial activity occurred that might have driven settlement negotiations.  It also noted that although "Non-Class Counsel offer[ed] evidence that . . . they fielded hundreds of phone calls from prospective and actual clients," these efforts "at most benefited individual class members, not the class as a whole."  As for work undertaken after appointment of Class Counsel, the court determined that, due to its PTOs, "Non-Class Counsel [] were on notice that they would not receive common benefit compensation for these efforts," and had also been informed of the required compensation procedure outlined in PTO No. 11.  Finally, the district court concluded that "the time Non-Class Counsel spent advising class members on the terms of the Settlement" was "duplicative of that undertaken by Class counsel, and therefore did not 'confer[] a benefit *beyond* that conferred by lead counsel.'"  (alteration in original) (quoting *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 191 (3d Cir. 2005)).  Consequently, the court denied the 244 fee applications.

In denying the applications, the district court also recognized that "[w]hile Non-Class Counsel are not entitled to fees from Volkswagen as part of this class action, Non-Class Counsel may be entitled to payment of certain fees and costs pursuant to attorney-client fee agreements."

Accordingly, the court vacated the Lien Order and its accompanying injunction on state court actions to facilitate such recovery.

These appeals followed.

## STANDARD OF REVIEW AND JURISDICTION

An order denying attorneys' fees is reviewed for abuse of discretion. *Lane v. Residential Funding Corp.*, 323 F.3d 739, 742 (9th Cir. 2003). "Findings of fact are reviewed for clear error; conclusions of law are reviewed de novo." *Stetson v. Grissom*, 821 F.3d 1157, 1163 (9th Cir. 2016). We have jurisdiction pursuant to 28 U.S.C. § 1291.

## ANALYSIS

Nagel Rice and the other Appellants that signed its brief (collectively, Nagel Appellants) suggest that "[t]his appeal presents an issue of first impression in the Ninth Circuit: whether Independent Counsel who performed services and incurred costs in a multi-district litigation prior to the appointment of Lead Counsel are entitled to an award of fees and costs, or are only the firms appointed to leadership roles entitled to a fee award for services performed prior to their appointment." In truth, however, the central issue before us is narrower: whether the district court abused its discretion when it denied Appellants' motions for attorneys' fees. Appellants' challenges to the Fee Order raise various legal issues, which we will address in turn.

## I. Standing

As a threshold matter, Volkswagen argues that Appellants lack standing to appeal. It premises this contention on our previous determination that "the right to

seek attorney's fees [is vested] in the prevailing party, not her attorney, and [] attorneys therefore lack standing to pursue them." *Pony v. County of Los Angeles*, 433 F.3d 1138, 1142 (9th Cir. 2006).  Because Appellants are law firms and lawyers that appeal in their own names (with the exception of Appellant Ronald Clark Fleshman, Jr., who is one of Feinman's clients and joins his attorney's appeal), Volkswagen contends that Appellants lack standing to vindicate a right that is properly vested with their clients, the underlying class members.

We disagree.  Nagel Appellants correctly observe that the cases on which Volkswagen relies, *Pony* included, concerned *statutory* attorneys' fees provisions.  *See Pony*, 433 F.3d at 1142 (discussing fees authorized pursuant to 42 U.S.C. § 1988).  Here, by contrast, Appellants did not seek fees pursuant to statute, and so we cannot base our conclusion on *Pony* or other similar cases.

Instead, we conclude that, as a matter of first principles, Appellants have the most compelling case for standing because they suffered an injury (deprivation of attorneys' fees) that was caused by the conduct complained of (the Fee Order) and would be redressed by judicial relief.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *cf. Glasser v. Volkswagen of Am., Inc.*, 645 F.3d 1084, 1088–89 (9th Cir. 2011) (concluding that class plaintiffs in a non-common fund case lacked standing to appeal an attorneys' fee award to class counsel because it did not affect class plaintiffs' recovery and so they were not "'aggrieved' by the fee award" (quoting *In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, 33 F.3d 29, 30 (9th Cir. 1994))).  Here, Appellants were aggrieved by the district court's denial of their motions for attorneys' fees.  Therefore, we conclude

that Appellants properly have standing to challenge the Fee Order.[3]

## II.  The Fee Order

Federal Rule of Civil Procedure 23 permits a court to "award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).  Various courts, including our own, have determined that even non-class counsel can be entitled to attorneys' fees.  *See, e.g.*, *Stetson*, 821 F.3d at 1163–65 (9th Cir. 2016) (indicating that an objector can be entitled to attorneys' fees in a class action); *In re Cendant*, 404 F.3d at 195 (concluding that an attorney who "creates a substantial

---

[3] We note that Nagel Appellants premise their standing argument on cases involving common settlement funds, from which both the Supreme Court and this court have acknowledged that litigants *and* lawyers have a right to recover fees.  *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977).  However, as the district court correctly noted, "[t]he Settlement's Funding Pool is not a traditional common fund from which settlement proceeds are to be paid . . . .  Volkswagen agreed to pay Plaintiffs' fees and costs in addition to the payments to the Class rather than from the fund created for payments to the Class."  *Cf.* 5 William B. Rubenstein, *Newberg on Class Actions* § 15:53 (5th ed. 2018) ("[I]n common fund cases the prevailing litigants [pay] their own attorney's fees . . . .  [T]he common fund doctrine allows a court to distribute attorney's fees *from the common fund that is created for the satisfaction of class members' claims . . .*" (emphasis added)).  Although Nagel Appellants invoked the common fund doctrine in their brief, their counsel at oral argument clearly stated that they sought fees not from the $10 billion-plus class settlement, but instead from the separate $175 million fee recovery that Volkswagen paid Class Counsel.  Absent a traditional common fund from which both class members *and* Class Counsel drew money, this is not a traditional common fund case, and so Nagel Appellants cannot rely on common fund precedent as controlling when different considerations apply to standing in non-common fund cases.

benefit for the class" can be "entitled to compensation whether or not chosen as lead counsel").

Although Rule 23 permits an award of fees when authorized by law or the parties' agreement, courts

> have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount. The reasonableness of any fee award must be considered against the backdrop of the "American Rule," which provides that courts generally are without discretion to award attorneys' fees to a prevailing plaintiff unless (1) fee-shifting is expressly authorized by the governing statute; (2) the opponents acted in bad faith or willfully violated a court order; or (3) "the successful litigants have created a common fund for recovery or *extended a substantial benefit to a class*."

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) (emphasis added) (citations omitted) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 275 (1975) (Marshall, J., dissenting)). Here, there is no dispute that neither the first nor the second scenario is applicable. Therefore, Appellants would be entitled to attorneys' fees only if they contributed to the creation of a common fund or otherwise benefited the class. Because the underlying class action did not feature a traditional common fund from which attorneys' fees were procured,[4] Appellants could only have collected fees if they

---

[4] *See supra* note 3.

provided a substantial benefit to the class, as the district court correctly recognized. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051–52 (9th Cir. 2002) ("Because objectors did not . . . substantially benefit the class members, they were not entitled to fees." (citing *Bowles v. Wash. Dep't of Ret. Sys.*, 847 P.2d 440, 449–50 (Wash. 1993))).

This is the central issue across the consolidated appeals: whether Appellants' efforts meaningfully benefited the class, and whether the district court abused its discretion when it concluded that they did not and denied their fee motions on that basis.

## A. Common Benefit Work

We ultimately conclude that the district court did not abuse its discretion when it determined that the efforts of non-Class Counsel for which they sought fees did not benefit the class such that they would be entitled to compensation.

In their reply brief, Nagel Appellants summarize the efforts for which they sought reimbursement:

- Commencing hundreds of lawsuits nationwide after public disclosure of the first NOV and before the advent of the MDL;

- Filing motions, including "at least four motions to preserve evidence" and "at least three motions for interim lead counsel positions";

- Conducting early settlement efforts prior to consolidation;

- Conducting preliminary discovery;

- Presenting "at least eight conferences for attorneys across the country to analyze, discuss, and refine approaches to bringing the cases";

- Securing the appointment of two mediators in several New Jersey actions prior to consolidation;

- Researching potential causes of action;

- "Fielding and vetting [] hundreds of phone calls from prospective clients," as well as press inquiries;

- Communicating and coordinating with other attorneys;

- "Communicating with prospective German legal counsel regarding potential jurisdiction issues and possible efforts to secure key evidence from a foreign country";

- "[A]ppearing in New Orleans with a group of other local law firms to argue in support of the transfer and consolidation of all the cases to the State of New Jersey, where [Volkswagen] is incorporated and where it maintains key management offices";

- Appearing telephonically in court appearances and providing updates to clients after the appointment of Class Counsel.

Our analysis will first consider those efforts undertaken prior to the appointment of Class Counsel, before addressing work performed subsequently.

### i.    Work Before Appointment of Class Counsel

As Plaintiffs correctly note, "[E]ven assuming these activities are all attributable to the Appellants, [they] fail to establish how, precisely, these activities benefitted the Class. This shortcoming is fatal to Appellants' appeals."  In *In re Cendant*, a case on which Nagel Appellants frequently rely, the court distinguished between work that benefits a class and other, non-compensable work:

> [W]e do not think that attorneys can simply manufacture fees for themselves by filing a complaint in a securities class action.  On the other hand, attorneys who alone discover grounds for a suit, based on their own investigation rather than on public reports, legitimately create a benefit for the class, and comport with the purposes of the securities laws.  Such attorneys should generally be compensated out of the class's recovery, even if the lead plaintiff does not choose them to represent the class.  More generally, attorneys whose complaints contain factual research or legal theories that lead counsel did not discover, and upon which lead counsel later rely, will have a claim on a share of the class's recovery.

404 F.3d at 196–97 (footnote omitted).  Undoubtedly, Appellants undertook various pre-consolidation efforts on behalf of *their individual clients*, but there is no indication, either in the voluminous record they provided or in the briefs, that this work contributed to the negotiation or crafting of the Settlement or otherwise benefited the class in any meaningful way.  Appellants may have filed complaints and conducted preliminary discovery and settlement work on behalf of their clients before consolidation of the MDL

and appointment of Class Counsel, but they do not appear to have discovered grounds for suit outside of the information contained in the widely publicized NOVs, or otherwise provided guidance or insights that were later used in securing the Settlement. In short, Appellants have not demonstrated that, in Plaintiffs' words, "they engaged in serious settlement efforts, much less that any such efforts contributed to the class settlement framework that was ultimately reached, approved, and successfully implemented." Therefore, the district court did not abuse its discretion when it concluded that there "was little to any pretrial activity in the cases filed by Non-Class Counsel, and the filings alone did not materially drive settlement negotiations with Volkswagen."[5]

### ii. Work After Appointment of Class Counsel

Nagel Appellants indicate that most of their post-appointment efforts consisted of fielding inquiries from prospective clients, explaining the process and mechanics of the Settlement, and "remain[ing] updated on the case." Such work was specifically mandated by PTO No. 11, which also emphasized that "[o]nly Court-appointed Counsel and those attorneys working on assignments therefrom that require them to review, analyze, or summarize those filings or Orders in connection with their assignments are doing so for

---

[5] Although Nagel Appellants claim that Class Counsel's work "consisted of combining/duplicating the work of others to file an amended complaint followed by their negotiation of the terms of the settlement and the preparation of settlement documents," and thus "was *ipso facto* the ongoing work by all counsel in the early months following the September 2015 public disclosure of the cheat devices," this assertion is countered by Class Counsel's motion for attorneys' fees, which recounted their extensive, non-duplicative efforts on behalf of the Settlement.

the common benefit. *All other counsel are reviewing those filings and Orders for their own benefit and that of their respective clients and such review will not be considered Common Benefit Work*." (emphasis added). The district court applied similar restrictions to attendance at status conferences ("Individual attorneys are free to attend any status conference . . . but except for Lead Counsel and members of the Plaintiffs' Steering Committee or their designees, attending and listening to such conferences is not compensable Common Benefit Work"), pleading and brief preparation (the court specified that "factual and legal research and preparation of *consolidated* class action complaints and related briefing" would be compensable), and attendance at seminars ("Except as approved by Lead Counsel, attendance at seminars . . . shall not qualify as Common Benefit Work"). (emphasis added). Therefore, under the PTOs issued pursuant to the managerial authority possessed by the district court, Appellants' post-appointment work did not benefit the class and hence was not compensable.

No Appellant challenges the PTOs or the district court's authority to issue them. Indeed, the Federal Judicial Center has noted that a court will often "need to institute procedures under which one or more attorneys are selected and authorized to act on behalf of other counsel and their clients with respect to specified aspects of the litigation," and further encouraged that "[e]arly in [complex] litigation, the court should define designated counsel's functions, determine the method of compensation, specify the records to be kept, and establish the arrangements for their compensation, including setting up a fund to which designated parties should contribute in specified proportions." *Manual for Complex Litigation* §§ 10.22, 14.215 (4th ed. 2004); *see also Ready Transp., Inc. v. AAR*

*Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) ("It is well established that '[d]istrict courts have inherent power to control their docket.'" (alteration in original) (quoting *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998))); *Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1388 (9th Cir. 1986) (permitting district court's pretrial order to govern recovery of attorneys' fees). Accordingly, given the district court's inherent power to manage the MDL, as well as its discretion in granting attorneys' fees, there is no dispute that Appellants were required to abide by the PTOs, including PTO No. 11. We are told that nearly 100 other law firms followed the PTOs, and received compensation accordingly. But there is no indication in the record before us that Appellants fully adhered to the PTOs' guidance and procedures.

### iii. Summation

Ultimately, we agree with Plaintiffs' summary of the work undertaken by Appellants and attested to by the voluminous documentation provided to the district court:

> Appellants chose to represent individual clients who were Class Members in a consolidated class action prosecuted by a leadership team appointed by the District Court. In so choosing, these attorneys knowingly undertook work that the District Court had correctly concluded would inure only to the benefit of their individual clients, and not to the Class as a whole. In other words, these lawyers knew that, although their work might establish a right to recovery under their respective attorney-client agreements and subject to the ethical

constraints on lawyers, it would not be compensable through any petition in the MDL.

Appellants point to nothing in the 13,000-page record that indicates that the work they performed on behalf of their individual clients, either before or after appointment of Class Counsel, informed the Settlement or otherwise benefited the class.[6]  Furthermore, the district court explicitly precluded compensation for many of these efforts in its PTOs.[7]

As the Third Circuit concluded in *In re Cendant*, "The mere fact that a non-designated counsel worked diligently and competently with the goal of benefiting the class is *not* sufficient to merit compensation.  Instead, only attorneys 'whose efforts create, discover, increase, or preserve' the class's ultimate recovery will merit compensation from that recovery."  404 F.3d at 197 (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 820 n.39 (3d Cir. 1995)).  Here, the record clearly indicates that Appellants worked diligently and presumably

---

[6] In their reply brief, Nagel Appellants suggest that one firm, Appellant Ryder Law Firm, P.C. (Ryder), benefited the class by "provid[ing] the Court with comments in relation to the proposed settlement."  However, the excerpts of the record to which Nagel Appellants point do not demonstrate that Ryder actually did this, let alone that its contributions were utilized in any way by Class Counsel, Volkswagen, or the district court.

[7] Additionally, the district court expressly set forth a process through which non-Class Counsel could receive reimbursement for any work that was "for the common benefit of Plaintiffs," was "timely submitted," and was "reasonable."  However, no Appellant argues that it was authorized by Lead Counsel to perform work, of common benefit or otherwise, and then submitted time records as required by the district court's protocol.

competently for their clients.  But because there is no indication that any of these efforts actually benefited the class and complied with the PTOs, the district court did not abuse its discretion, by either applying the wrong law or relying on erroneous factual determinations, when it denied Appellants' motions for attorneys' fees.

## B. Additional Arguments

Nagel Appellants advance three additional arguments as to how the district court abused its discretion when it issued the Fee Order.[8]  We will consider each in turn.

### i.  Explanation of Denial

Nagel Appellants assert that "[t]he District Court should have, but did not, support its denial with a clear explanation based upon an evaluation of the underlying fee petitions. This was legal error."  We disagree.  The district court was required only to "articulate with sufficient clarity the manner in which it ma[de] its determination."  *Carter v. Caleb Brett*

---

[8] In the "Issues Presented" section of their opening brief, Nagel Appellants identify a fourth additional issue: "whether the District Court erred in the selection of the lead firms by requesting that the firms indicate the support of other firms applying for the appointment and considering this 'popularity' factor."  However, they provide no substantive argument to accompany this issue, either in that introductory section or anywhere else in the brief, and the issue is not raised in the opposition briefs or in Nagel Appellants' reply.  We will therefore treat the issue as waived.  *See In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1424 (9th Cir. 1994) ("[L]ack of argument waives an appeal of [an] issue.").  Incidentally, a district court's selection of class counsel is reviewed for abuse of discretion, *see Sali v. Corona Reg'l Med. Ctr.*, 889 F.3d 623, 634–35 (9th Cir. 2018), and we see no indication that the district court's consideration of this or any other factor when it selected Class Counsel constituted such an abuse.

*LLC*, 757 F.3d 866, 869 (9th Cir. 2014) (quoting *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir. 1988)); *see also McGinnis v. Ky. Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th Cir. 1994) (determining that "when ruling on the appropriate amount of fees, no rote recitation [of factors] is necessary" where the court's "decision gives [] no basis for doubting that [it] was familiar with controlling law" and there is no "factor which the judge failed to consider").  Here, the district court sufficiently explained its decision.  It first set forth the guidance provided by Rule 23 and relevant appellate decisions, and then accurately described the various work Appellants performed both before and after the appointment of Class Counsel—none of which constituted "evidence that their services benefited the class as a whole." This is all that we require: a description of the applicable standard and an engagement with the facts as illustrated by the fee motions.  It would be unreasonable to expect the court to undertake an extensive analysis of each individual motion[9] when all that is needed is engagement with the controlling law and explanation of the court's reasoning.  As Volkswagen notes, "The fact that Appellants' fee motions were all found deficient for similar reasons does not make the District Court's ruling insufficiently reasoned."  Because the district court's order supplied the necessary level of explanation for its decision, it did not abuse its discretion in this regard.

### ii.  Parties' Agreement

Noting that Rule 23 permits recovery of fees "that are authorized . . . by the parties' agreement," Fed. R. Civ. P. 23(h), Nagel Appellants contend that the district court

---

[9] In the aggregate, these 244 motions included more than 13,000 pages of supporting documentation.

incorrectly concluded that Volkswagen did not agree to pay the fees at issue here as part of the Settlement. But the Settlement clearly provided only that "Volkswagen agrees to pay reasonable attorneys' fees and costs for work performed *by Class Counsel* in connection with the Action as well as the work performed *by other attorneys designated by Class Counsel* to perform work in connection with the Action." (emphases added). No other document filed as part of the Settlement indicates any additional commitment on Volkswagen's part. Although Nagel Appellants suggest that class members were "led to believe—via the Settlement Agreement—that their attorneys would be reasonably compensated by Defendants,"[10] this proposition is belied by the Settlement's Long Form Notice, which read,

> Class Counsel will represent you at no charge to you, and any fees Class Counsel are paid will not affect your compensation under this Class Action Settlement. *If you want to be represented by your own lawyer, you may hire one at your own expense.* It is possible that you will receive less money overall if you choose to hire your own lawyer to litigate against Volkswagen rather than receive compensation from this Class Action Settlement.

---

[10] This assertion is apparently based on language in the Long Form Notice that indicated that "Volkswagen will pay attorneys' fees and costs in addition to the benefits it is providing to the class members in this Settlement." However, on the previous page, the Notice specified that only Class Counsel would receive those fees.

(emphasis added).[11]   Accordingly, there was no agreement between the parties, either explicit or implicit, that Volkswagen would compensate Appellants for their efforts.

### iii.  Quantum Meruit and Unjust Enrichment

Lastly, Nagel Appellants suggest that the district court erred when it failed to consider the equitable principles of quantum meruit and unjust enrichment.  However, although a court's power to award attorneys' fees might be derived from equity, the existence of this power alone does not vitiate the long-recognized requirement that the work of a lawyer in a case like this must benefit the class.  If, as the district court concluded, Appellants did not provide a substantial benefit, then neither the class members nor Class Counsel would have been unjustly enriched at Appellants' expense.  Nagel Appellants' invocation of quantum meruit therefore only begs the original question of whether non-Class Counsel's efforts benefited the class.  As they did not, no unjust enrichment occurred.

## III.    The Lien Order

Feinman, in his separate brief, ostensibly appeals, like the other Appellants, from the Fee Order.  He indicates that "[t]his is an appeal from the United States District Court for the Northern District of California in which the trial court

---

[11] Nagel Appellants note that this language appeared under the heading "Do I need to hire my own attorney . . . ?" and therefore, "[g]iven that Independent Counsel had already been retained prior to the Notice, Class Members would assume the provision, expressed in a future tense, did not apply."  But however misleading the Long Form Notice might have been on this point, this ambiguity certainly did not constitute an agreement that Volkswagen would pay non-Class Counsel's fees.

determined Volkswagen is not required to pay Non-Class Counsel attorney fees and costs." However, the main focus of his appeal, as evidenced by his preliminary statement, is the "injunction issued by the District Court for the Northern District of California in the Volkswagen Clean Diesel litigation enjoining efforts to assert attorney fee lien claims under State law"—the Lien Order. It is that injunction, and not the Fee Order, that is the basis of Feinman's various arguments: that the injunction violated the Anti-Injunction Act; that the district court did not have subject matter jurisdiction to issue the injunction as to his Virginia lien; that the injunction had the effect of imposing the cost of removing polluting vehicles from the roadway on him; that the injunction was premised on an unfounded legal premise; that the injunction violated his due process rights; and that the injunction violated the Fifth Amendment. Indeed, Feinman's conclusion and request for relief references only the Lien Order and *not* the Fee Order.

The district court already vacated the Lien Order and its injunction, and so they are no longer in effect. Therefore, all of the issues contained in Feinman's brief were rendered moot, and we need not consider them. *See Berkeley Cmty. Health Project v. City of Berkeley*, 119 F.3d 794, 795 (9th Cir. 1997) ("Because the district court has vacated its preliminary injunction, this appeal is dismissed as moot."). Both Feinman's opening brief and his reply brief demonstrate that he is, in effect, asking us for an advisory opinion: "What Feinman wants from this appeal is a ruling that nothing the Northern District of California Court ruled can prohibit Feinman from seeking to enforce his attorney fee lien rights against Defendant Volkswagen. . . . Feinman has no interest in violating a Federal Court injunction and merely seeks to assert his claim in Virginia State Courts free from jeopardy." He even concedes that "[i]f the concession

of Volkswagen and the Plaintiff-Appellees that the issue is moot makes it so Feinman can have the relief requested, there is no need to go further." There is no doubt that the issues he raised are indeed moot. Whether he "can have the relief requested"—which is to say, a lien against Volkswagen pursuant to Virginia law—is not an issue properly before us.[12]

## CONCLUSION

We are sympathetic to Appellants, and have no doubt that many of them dutifully and conscientiously represented their clients. This is not necessarily a case where latecomers attempt to divide spoils that they did not procure.[13] But Appellants' efforts do not entitle them to compensation from the MDL, when the record indicates that they did not perform work that benefited the class, and that they

---

[12] We might infer from Feinman's opening brief that his jurisdictional challenge applies to the Fee Order as well as the vacated injunction. Such an argument would have no merit. We have held that "[a] transferee judge exercises all the powers of a district judge in the transferee district under the Federal Rules of Civil Procedure," which includes "authority to decide all pretrial motions, including dispositive motions such as motions to dismiss, motions for summary judgment, motions for involuntary dismissal under Rule 41(b), motions to strike an affirmative defense, *and motions for judgment pursuant to a settlement*." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1230–31 (9th Cir. 2006) (emphasis added); *see also K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 968 (9th Cir. 2014) ("There is no debate that a federal court properly may exercise ancillary jurisdiction 'over attorney fee disputes collateral to the underlying litigation.'" (quoting *Fed. Sav. & Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1041 (9th Cir. 2004))). Therefore, the district court had jurisdiction over the attorneys' fees motions.

[13] *See generally* Florence White Williams, *The Little Red Hen* (1918).

neglected to follow the protocol mandated by the district court.   We commend the district court's efforts to successfully manage a massive and potentially ungainly MDL, and conclude that the court did not abuse its discretion when it determined that Appellants were not entitled to compensation.

Accordingly, we AFFIRM the district court's denial of Appellants' motions for attorneys' fees.